Charles Margett, J.
Plaintiffs, in an action to recover damages resulting from an automobile collision on May 22, 1966, move “ for an order pursuant to Rule 3211(b) of the C.P.L.R. dismissing the affirmative defense contained in the answer of the defendant on the ground that a defense is not stated.” That defense is “that this Court does not have jurisdiction of the person of this answering defendant, Frederick W. Benschine ” (CPLR 3211, subd. [a], par. 8).
The grounds of the motion are (1) that the original answer of the defendant to the complaint served with the summons on October 15, 1966 by substituted service (CPLR, subd. 3) failed to plead the jurisdictional defense asserted for the first time in the answer to plaintiffs’ amended complaint served on November 28, 1966, and (2) that the facts required for the substituted service are contained in the filed affidavit of the process server.
The opposing affidavit of one of the defendant’s attorneys claims, however, that the affidavit of the process server “ is defective on its face for its failure to show that due diligence was used in attempting to make personal service of the summons in this action ” in that it “ merely recites that at various times on the listed days the process server attempted to serve the defendant at his home” without showing “at what time service was attempted on the various days stated.” It is further claimed that on those days the defendant was at home and “ available for service ”.
Thus there are here posed two questions: (1) Was the jurisdictional objection raised in time, and (2) has it any merit.
As originally enacted CPLR 3211 (subd. [b]) provided that a “party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated ” (emphasis supplied). Kukoda v. Schneider (41 Misc 2d 308) held that the merits of a jurisdictional defense may be decided upon a CPLR 3211 (subd. [b]) motion, and pointed out graphically the necessity of threshold determinations of the merits of jurisdictional objections in view of calendar delays in negligence litigation. CPLR 3211 (subd. [b]) was then amended, effective September 1, 1965, by adding at the end thereof the words “or has no merit” (emphasis supplied). Thus a defense pleaded in the answer may now be challenged, even though well pleaded, upon a showing that it has no merit. That is the thrust of the plaintiffs’ present motion, should it be determined that the defense of lack of jurisdiction was interposed in time.
As enacted originally CPLR 320 (subd. [b]) had a requirement that the jurisdictional objection be raised at the time the *354 defendant first appeared in the action. This has now been eliminated. (“ Appearance and Jurisdictional Motions in New York ”, by Professors Adolf Homburger and Joseph Laufer, 14 Buffalo L. Rev., 374, 380, 402 [Spring, 1965 No. 3].)
I am of the opinion that the jurisdictional defense interposed by the defendant herein was timely and, therefore, its merits may here be determined. Plaintiffs saw fit to serve, as of course, an amended complaint (CPLR 3025, subd. [a]). As a result, defendant was compelled to serve an answer to the new pleading, also as a matter of right. That being the case, he could, as he did here, “ assert the jurisdictional objection relying upon the general rule that an amendment relates back to the service of the original pleading.” (McKinney’s Cons. Laws of N. Y., Book 7B, 1966 Supplementary Practice Commentary CPLR 320, by Professor Joseph M. McLaughlin, 1966 Cum. Pocket Part, p. 134.)
Professor David D. Siegel put it somewhat differently when he stated in his 1964 Supplementary Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3211, 1966 Cum. Pocket Part, p. 133): “No amendment as of course of the pleading which asserts the cause of action should be deemed to abate a motion to dismiss that cause of action under 3211(a).” Inasmuch as objections under that rule may be asserted by motion or pleaded in the answer (CPLR 320, subd. [b]; 3211, subd. [e]), it follows that 3211 (subd. [a]) objections are not abated because instead of moving to dismiss the complaint a defendant pleads one or more of such objections as defenses in his answer served as a matter of right in response to plaintiff’s amended complaint, likewise served as of right.
As to the merits of the defense here pleaded, I am of the opinion that there has been an adequate showing that the process server’s affidavit on file is insufficient as a predicate for in personam jurisdiction over the person of the defendant. While there is now no requirement for a court order for substituted service of process, CPLR 308 (subd. 3) still mandates proof that personal delivery of the summons could not be made “ with due diligence ’ ’.
Such proof is lacking in the conelusory photo-offset form affidavit of “ Service other than personal ” sworn to by Marie Moyer on October 17, 1966. The sparse information supplied in the blank spaces of this form hardly meets the requirement of a showing of due diligence in attempting to serve defendant personally. Former sections 230 and 231 of the Civil Practice Act, pursuant to which a court order for substituted service had to be obtained, required strict compliance upon which *355 to ground jurisdiction of the person of a defendant. (Lehman v. Mariano, 285 App. Div. 824.) Less than that is hardly sufficient, now that a prior court order is no longer necessary. There should be an evidentiary affidavit showing due diligence individual to each case. A form of affidavit with blank spaces to be filled in by a process server does not lend itself to such a showing and is disapproved.
Plaintiffs’ motion to dismiss the defense here challenged is, accordingly, denied. Inasmuch as CPLR 3211 (subd. [c]) permits the court, upon a motion made under subdivisions (a) or (b), to “ treat the motion as a motion for summary judgment ”, plaintiffs’ motion is so treated. Summary judgment is granted in favor of the defendant dismissing the action for lack of jurisdiction over his person. The last sentence of CPLR 3212 (subd. [b]) permits the court to grant such judgment without the necessity of a cross motion where, as here, it appears that any party other than the moving party is entitled to summary judgment. This determination, of course, is without prejudice to the commencement of a new action.