Samuel A. Spiegel, J.
Plaintiff moves to strike defendant Noble’s separate defense of lack of jurisdiction. This defense was asserted for the first time in Noble’s amended answer, which was served as of right (CPLR 3025, subd. [a]) two days after service of the original answer. The original answer did not contain that defense. Plaintiff argues that the service of the original answer constituted a general appearance on Noble’s part, resulting in a waiver of his right to object to the court’s jurisdiction over him. In so arguing, plaintiff relies upon CPLR 320 (subd. [b]) and 3211 (subd. [e]), which require that the defense of lack of jurisdiction under CPLR 3211 (subd. [a], par. 8) must be raised, either by motion or in the “ responsive pleading ’ ’, at or before expiration of the time for service of such a responsive pleading. In the instant case, by virtue of extensions of time to answer afforded Noble, which do not extend his time to move, his time to so move for dismissal for lack of *430 jurisdiction expired before the service of his original answer. Accordingly, he was required to assert the defense in his “ responsive pleading ’ ’ or have it deemed waived.
The question here presented has been the subject of discussion by legal scholars and commentators. In the latest commentary by Professor McLaughlin contained in his 1966 Practice Commentary to CPLR 320 (subd. [b]) (McKinney’s Cons. Laws of N. Y. Book 7B, 1967 Supp., p. 160), he indicates that his prior comment (Practice Commentary to CPLR 320 subd. [b] [McKinney’s Cons. Laws of N. Y., Book 7B, p. 578]), that service of an original answer lacking the jurisdictional defense constituted a waiver of the right to later assert it in an amended answer, should be restricted to instances where the amended pleading is served with leave of the court. Note, also, the 1967 commentary of Professor Siegel to CPLR 3211 (subd. [b]), contained in the 1967 Supplement to Book 7B of McKinney’s Consolidated Laws, page 141: ‘1 amendment furnishes the defendant with a new opportunity to raise a jurisdictional defense which might otherwise have been deemed waived. Defendant would stand less chance of being permitted to assert the jurisdictional defense if he had to depend on a motion under CPLR 3025(b) for leave to amend, the motion under that provision being addressed to the court’s discretion.”
This court is not faced with any problem of distinguishing between service of an amended pleading with leave of the court or as matter of right. The instant amended answer was served, as above noted, two days after service of the original answer. Obviously, in view of that short time there was no prejudice incurred by the plaintiff, nor prejudicial reliance upon the contents of the original answer. In the absence of such prejudice, this court concurs in the view expressed in Blatz v. Benschine (53 Misc 2d 352, 354) that one can “ ‘ assert the jurisdictional objection relying upon the general rule that an amendment relates back to the service of the original pleading. ’ ” This approach seems consistent with the general principle that cases should be determined on the merits, rather than on the basis of the procedures followed.
This approach is consistent, also, with the intent of the draftsmen of the CPLR, as extracted from the legislative history of CPLR 320. As described, in detail, in Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 1, par. 320.09) the original Civil Practice Act references to special and general appearances were elminated with the enactment of the CPLR in 1962. Thereafter, reference in the CPLR to the 1 ‘ time of appearance” as the time when the objection of lack of jurisdiction had to be made, *431 was eliminated by further amendment in 1964, to require the raising of that issue either by motion or “in the answer.” In 1965, the reference to the answer was eliminated, and the phrase, ‘ ‘ responsive pleading, ’ ’ was used in its stead. This consistent de-emphasis on the effect of an “ appearance ’ ’ is indicative of an intent to prevent waiver of the defense by inadvertent interposition of pleadings. No different result is required by reason of Noble’s service of a pro forma demand for a bill of particulars with the original service, for such service did not constitute a participation in the litigation “ on the merits ” by Noble prior to service of the amended answer (see Mittelman v. Mittelman, 45 Misc 2d 445).
It is the opinion of this court that by the words ‘ ‘ responsive pleading” in the CPLR the Legislature intended to have the issues drawn based upon those pleadings which remain in the case and upon which issue is joined. The original answer, after service of the amended answer, is no longer part of the case for this purpose. The motion is accordingly denied.