Martin B. Stecher, J.
In this supplementary proceeding and numerous others decided simultaneously herewith, I am asked to either issue an order requiring a judgment debtor to show cause why he should not be punished for contempt of a subpoena; or to issue to the Sheriff an attachment directing the seizure and production of the debtor for his default in responding to just such a previously issued order to show cause.
The only issue I raise on these applications, all of which are ex parte, is the sufficiency of the service of prior process. In each case service purports to have been made by “ substituted service ” (CPLR 308, subd. 3). The character of the service is not in question, being authorized, in the case of subpoenas, by statute (CPLR 2303) and in the case of orders by their own terms. The issue is: was substituted service made within the meaning of the statute?
The “nail and mail” type of service used in this case is ineffective unless it be shown by affidavit that personal delivery to the designated person “ cannot be made with due diligence.” Here the affidavit of service, a printed form, alleges “ that on the 21st day of February, 1970, deponent attempted to serve the affirmation and order to show cause in the above entitled action by personal delivery upon the defendant, John Rossi, 409 Ave. C, Borough of Brooklyn, City of New York. On calling there Feb. 19, 20, 21, 1970' at various times, a.m. and p.m., that personal delivery service could not be made with due diligence upon the said defendant”.
As if heard from the mouth of Moses on the Mountain, the other affidavits of service reiterate this formula of frustration. (I can only guess that its source is an adaptation of the language of the Advisory Committee Notes, 1 Standard Civ. Prac. Serv., p. 319; 3 Carmody-Wait 2d, New York Practice, p. 699; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 308.14.) “ The affidavit of the process server is less than satisfactory in this regard. It is conclusory and fails to supply information sufficient to enable us to make a determination that his efforts did constitute the requisite ‘ due diligence ’,” (Jones v. King, 24 A D 2d 430).
*879 The statute creating the right to make service in this fashion is derived from the former Civil Practice Act, the latter, however, requiring a court order preliminary to the making of such service. The order would not issue until proof was made that personal delivery could not be made with due diligence. “ Less than that is hardly sufficient, now that a prior court order is no longer necessary. There should be an evidentiary affidavit showing due diligence individual to each case. A form of affidavit with blank spaces to be filled in by a process server does not lend itself to such a showing and is disapproved ” (Blatz v. Benschine, 53 Misc 2d 352, 355).
The process server’s affidavit goes on to allege mailing to the respondent at an address in Brooklyn, and a statement ‘ ‘ Deponent affixed a copy of same to the door of at [sic] 409 Avenue C, Brooklyn, N. Y.” In this instance as with most others, there is no indication whether the door is the exterior door of an apartment house, or an interior lobby door, or the door leading to the apartment of the respondent, or the door of a private house occupied by a single family. As pointed out by the Appellate Division, First Department, in Jones v. King (supra) the affidavit fails to ‘ ‘ furnish any details as to the facts surrounding the affixation of the summons so that it cannot be determined whether such affixation was in compliance with the .statute.”
The huge volume of such orders regularly requested in this court on such flimsy affidavits of the process server warrants our concern. The relief which is sought is of a most serious nature. It seeks to have a debtor brought into court — in some cases under restraint — to have him punished for his alleged contempt of this court. It would be an abuse of my discretion to issue such orders — despite the frequency with which they are requested — on so trivial a prima facie showing of “ contempt.” Attorneys who submit such affidavits cannot escape criticism. They must know that it is unlikely that a process server can afford to make the efforts showing “ due diligence ” for the paltry fees paid to professional process servers. The latter (and their affidavits) are frequently held in low repute and members of the Bar cannot close their eyes to these practices and escape criticism themselves. The application is denied.