Mae/test B. Stechee, J.
The sole issue before me is jurisdictional : were the defendants served with process within the meaning of CPLR 308 (subd. 4) % If so, plaintiff’s motion for summary judgment, conditionally granted by Judge Lane, will be final.
Each defendant having in fact received a copy of the summons in time to offer a defense and it having been determined that no defense to the claim exists, no injustice would be imposed on the defendants should I uphold the service. But there is a public policy question: Are the courts to look the other way when the law is flouted, because of1‘ no harm done ’ ’ ?
In each of these cases the affidavit of service is printed and alleges pro forma efforts at personal service on certain days in the ‘ ‘ a.m. and the p.m. ’ ’. What the efforts were are not alleged. The process servers’ conclusions that personal service could not be made with ‘ ‘ due diligence ’ ’ are not binding on the court; neither are those allegations of substituted service which fail to indicate the details of affixation (Jones v. King, 24 A D 2d 430). A form affidavit is simply insufficient, for it must provide as much information as was required to procure an order for substituted service under the Civil Practice Act (Blatz v. Benschine, 53 Misc 2d 352).
The testimony of the process servers was merely a repetition of their affidavits. Their alleged records of actual visits were either “ destroyed” or “not in court”; and to the limited extent the testimony amplified the affidavits, the testimony is not credited.
If professional process servers are to be believed as to their “ diligent efforts ” at personal service, they will have to maintain detailed records of their efforts and insert them in the affidavits. Attorneys cannot escape responsibility for the *787 unwholesome practice of sewer service (Underwriters Trust Co. v. Scala, 62 Misc 2d 877) and it is their obligation to insist that proof — not conclusions — of diligence be offered.
The defendant Reiss presents a problem with an additional dimension. When he received his copy of the summons he appeared in person, entered a general denial and an additional specific defense. Subsequently, nearly three months later, an attorney served and filed an answer on behalf of all three defendants which raised the issue of jurisdiction. In my opinion jurisdiction was acquired over the defendant Reiss.
A defendant, ‘ ‘ by serving an answer ’ ’, appears in an action (CPLR 320, subd. [a]) unless “an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211 ” (CPLR 320, subd. [b]). No motion to dismiss for lack of jurisdiction was made, and “ an objection based upon a ground specified in paragraph^) eight * * * of subdivision (a) is waived if a party * * * having made no objection under subdivision (a) * * * does not raise such objection in the responsive pleading ” (CPLR 3211, subd. [e]).
The issue, therefore, is narrowed to the simple question, does Reiss’ answer, amended some months later and not as a matter of right (CCA, § 909, subd. [a]), refer back in time to the interposition of the original answer? Stated differently, can the court, once having acquired jurisdiction by the voluntary, in personam appearance of a defendant, be divested of jurisdiction by an amendment to the pleading?
Where the Statute of Limitations is at issue and sufficient notice of the facts appears in an original pleading, an amendment will be deemed to have been made as of the service of the original pleading (CPLR 203, subd. [e]). But that is not our case. The statute was not designed to allow jurisdictional questions to be interposed once jurisdiction had in fact been acquired.
Accordingly, the complaint against defendants Goldstein and Lapatine shall be dismissed for lack of jurisdiction. Jurisdiction over defendant Reiss has been acquired.