Martin B. Stecheb, J.
The petitioners, pursuant to the provisions of article 7-A of the Real Property Actions and Proceedings Law seek the appointment of an administrator and for other relief. The respondent landlord moves to dismiss the petition.
The motion is granted. To initiate such a proceeding the petition and notice of petition are required to be served personally upon the owner of the premises last registered under section D26-3.1 of the Administrative Code of the City of New York and on every mortgagee and lienor of record (Real Property Actions and Proceedings Law, § 771, subd. 3). If service ‘ ‘ cannot with due diligence be made within the city in such manner ” (Real Property Actions and Proceedings Law, § 771, subd. 5) the owner is to be served by delivering to the agent registered under the aforesaid provision of the Administrative Code, personally, a copy of the petition and notice of petition (Real Property Actions and Proceedings Law, § 771, subd. 5, par. a, subpar. [1]); and if such service, despite “ due diligence ’ ’ cannot be made, then service may be made by the familiar “ nail and mail ” method (Real Property Actions and Proceedings Law, § 771, subd. 5, par. b).
Similarly, if mortgagees and lienors cannot with due diligence, be personally served within the limits of New York City, they may be served by registered mail, return receipt requested at the address specified in the mortgage or lien (Real Property *154 Actions and Proceedings Law, § 771, subd.,5, par. a, subpar. [2]).
Finally all nonpetitioning tenants are to be served “ by affixing a copy of the notice of petition and petition upon a conspicuous part of the subject multiple dwelling ” (Real Property Actions and Proceedings Law, § 771, subd. 6).
Although the petition shows that fewer than all of the tenants have joined in the petition, there is no proof of the statutory notice to the nonpetitioning tenants. The court is thus deprived of jurisdiction.
Four respondents are named in the proceeding. One of them, Ulkan Realty Corp., is alleged to be 11 the owner of record of said premises ” (an insufficient description). None of the other respondents is described as owner, mortgagee or lienor. ' These defects are fatal. It is essential for the court to acquire jurisdiction that the petition set forth who the owners are, and who the mortgagees and lienholders are, and whether or not the persons named are the only persons in such categories entitled to service. In the absence of such allegations the court cannot tell whether or not all necessary parties have been served. This defect likewise deprives us of jurisdiction.
Annexed to the petition are two affidavits of service. One alleges, on a printed form, that the process server “ attempted to serve the annexed petition and notice of petition upon Ulkan Realty Corp. and Ulker Dogan, two of the respondents in this action and at the same time mailing a copy to each respondent by certified mail.” The second affidavit alleges service by mailing to the other two respondents.
The failure to show ‘1 due diligence ’ ’ in attempting to serve these documents on the parties personally is as fatal here as in any other kind of action or proceeding where such diligence is required (Jones v. King, 24 A D 2d 430; Blatz v. Benschine, 53 Misc 2d 352; Matter of Underwriters Trust Co. v. Scala, 62 Misc 2d 877; Goldner v. Reiss, 64 Misc 2d 785). Substantial property rights will not be interfered with in the absence of showing that all interested parties have been given an opportunity to be heard.
In view of the defects set forth, there is no need for me to deal with the other inadequacies alleged to exist in this mimeographed set of papers.
The petition is dismissed.