Martin B. Stecheb, J.
This is a special proceeding brought by a judgment creditor to compel a banking institution to turn over funds standing to the credit of the judgment debtor in ■satisfaction of the judgment (CPLR 5227). The longhand affidavit of the- debtor’s husband prepared with the aid of *619 court personnel setting forth his wife’s inability to attend and various defenses including nonservice, payment and Statute of Limitations, is read only as an application for an adjournment. This decision makes that application moot.
This proceeding is bottomed on the judgment. If the entry of judgment is invalid on the face of the record the petition must fail; and, where as here, the matter is still pending before the court in an enforcement proceeding (Uni-Serv Corp. v. Linker, 62 Misc 2d 861, 864), the court, in the interest of justice, may modify or vacate the judgment (Ladd v. Stevenson, 112 N. Y. 325, 332; Barry v. Mutual Life Ins. Co. of N. Y., 53 N. Y. 536, 539; Matter of Baker v. Macfadden Pub., 300 N. Y. 325, 329; Koziol v. Pugliese, 56 Misc 2d 178; Erba Corp. v. Paul, 25 Misc 2d 185).
It is clear on the face of the record that this judgment, procured on default in an action to recover an old hospital bill, was improperly entered for at least three reasons.
The affidavit of service of the summons by the ‘ ‘ nail and mail ” method (CPLR 308, subd. 3) is inadequate and merited the clerk’s rejection of the proposed judgment. The recent case law is too precise and uniform in its holdings to require detailed recitation of the defects in this affidavit. Suffice to say that it fails to demonstrate ‘ ‘ due diligence ’ ’ of the process server in his efforts to serve the summons personally. A recitation of his attempts is required, not self-appraisal. Similarly, to state that he mailed a copy to the defendant’s ‘‘ last known residence ’ ’ without specifying the address to which mailed, is a useless, and therefore inadequate, conclusion. Even the door to which- the copy is alleged to have been attached is inadequately designated. The affidavit, on its face, fails to demonstrate service (Jones v. King, 24 A D 2d 430; Blatz v. Benschine, 53 Misc 2d 352; Underwriters Trust Co. v. Scala, 62 Misc 2d 877).
The statute (CCA, § 1402) prohibits the entry of judgment on default of appearance unless an affidavit is filed which shows that notice has been given by mail of the plaintiff’s intent to enter a default judgment. The “affidavit” submitted here is an attorney’s affirmation which says the “notice of Default was mailed”. Even though accompanied by a postal receipt for 1 ‘ one piece of ordinary mail ’ ’ the affirmation is inadequate for it is nothing but a conclusion. Every affidavit of mailing must be made by the person mailing it, and is required -to show the nature of the document mailed. The affirmation containing a conclusion of mailing made by an attorney (who verified a complaint alleging that *620 Knickerbocker Hospital 1 ‘ was a physician duly licensed to practice,”) is an inadequate substitute.
The notice itself was inadequate, even if properly mailed. The intent of the statute (OCA, § 1402) is to give unambiguous warning to .the defendant of his impending peril and to afford him one more opportunity to move to offer a defense.
The petitioner’s form of notice seems designed to circumvent the purpose of the statute, for to the unwary it appears to be what it is labeled in large, romanesque type: “ Judgment By Default on Verified Complaint.” The document, eight by eleven inches, is in fact the judgment which was eventually entered and bears the attorney’s affirmation of regularity. Across the bottom of the document, occupying less than a fourth of the page are not one but two notices. The first is the statutory notice. The second discusses payment of the obligation. Finally the copy of the document filed in court is so folded that the ‘ ‘ notice ’ ’ portion might never be noticed.
The standard of communication by which such statutory notices are to be measured is not the understanding of the sophisticated defendant who may be expected to read the document with some care and discrimination or seek the advice of an attorney, but the level of understanding of the average citizen of this city who may not have such skills or access to counsel. By this .standard the “ notice ” is no notice at all and should not have been accepted as conforming to the statute.
The judgment having been improperly entered because of the failure to give the statutory notice, it is vacated. There being no proof of service of the summons in the underlying-action (Index No. 184924/71) the action is dismissed with leave to serve a new summons.
The petition herein is dismissed and any attachment or restraining notice which may have been issued is vacated.