JANE MARK et al., Respondents, v WILLIAM MUSCHEL, INC., et al., Appellants, et al., Respondents.

Supreme Court, Appellate Term, First Department, December 14, 1988

### APPEARANCES OF COUNSEL

*Milton S. Teicher* for appellants. *Jeffrey S. Ween* for Jane Mark and others, respondents. *Platon Elias* and *Alan C. Lippel* for G & A Restaurant Corp.

### OPINION OF THE COURT

Per Curiam.

Order entered June 26, 1987 modified by reversing so much thereof as denied that branch of respondents' motion to set aside the lease made February 28, 1985 between petitioner Jane Mark and G & A Restaurant Corp., and the matter is

remanded to the Civil Court for a hearing on the motion in accordance with this decision; as modified, order affirmed, without costs.

Petitioner Jane Mark was appointed administrator for the subject loft building at 736 Broadway on February 19, 1985. The order of appointment (which was entered on default) permitted petitioner to lease commercial space in the premises for terms up to 10 years. On February 28, 1985, the administrator entered into a 10-year lease with commercial tenant G&A Restaurant Corp. covering the period March 1, 1985 through February 28, 1995. Subsequently, respondent landlords moved the appointing court to, *inter alia,* set aside the restaurant lease upon the ground that its execution exceeded the administrator's authority and was in derogation of their rights as owners. In support of the application, respondents submitted an earlier 1983 lease executed by them and the restaurant's principal (George Kammas), terminating December 31, 1989. Kammas concedes that he signed a lease in 1983 but claims that he never received a fully executed copy of same.

Civil Court found that there was a factual issue presented on the question of delivery of the 1983 lease, but concluded that this issue had been raised "too late" in the context of assessing the propriety of the administrator's execution of the later 1985 lease. We disagree. If, after a hearing, it is established that the restaurant tenant was in possession under a lease which became effective in 1983 upon due execution and delivery *(see, 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506), we find no cause in the record presently before us for the administrator to have entered into a new agreement with the tenant which essentially extended the tenant's term for more than five years beyond the expiration date set forth in the 1983 lease. According to the administrator's own affidavit, she had been advised by Kammas that he had previously signed a lease; at that point, prudence would have dictated that she communicate with respondents concerning the restaurant's status before executing another lease. It is significantly noted that the basic annual rental schedule negotiated in the 1985 lease did not afford any appreciably greater rental income to the administrator than that already provided for in the 1983 agreement. Moreover, the 1983 lease was made with Kammas in his individual capacity, whereas the 1985 lease runs to the restaurant corporation.

The matter is remanded for a hearing to determine the

legal effectiveness of the 1983 lease and for reconsideration of respondents' motion accordingly.

That part of the order which denied respondents' motion to set aside the lease to Lil Headwear, Inc. is affirmed.

PARNESS, J. P., SANDIFER and OSTRAU, JJ., concur.