■ ROBERT DEFILIPPIS, Individually and as Shareholder and Director of PEREZ UTILITIES, INC., and Other Corporations, et al., Appellants-Respondents, v ROBERT PEREZ et al., Respondents-Appellants.—In an action for an accounting, (1) the plaintiffs appeal from stated portions of an order of the Supreme Court, Nassau County (Brucia, J.), entered October 1, 1987, which, *inter alia,* directed a hearing on that branch of the defendants' motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, and (2) the defendants appeal from so much of an order of the same court (Morrison, J.), dated March 23, 1988, as, after the hearing, denied that branch of the motion which was to dismiss for lack of personal jurisdiction.

Ordered that the appeal from the order entered October 1, 1987, is dismissed; and it is further,

Ordered that the order dated March 23, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the order entered October 1, 1987, must be dismissed because the portion of that order which the plaintiffs seek to review did not decide the branch of the motion which was to dismiss for lack of jurisdiction but rather directed a judicial hearing to aid in the disposition thereof. It is therefore not appealable as of right *(Astuto v New York Univ. Med. Center,* 97 AD2d 805; *Bagdy v Progresso Foods Corp.,* 86 AD2d 589). The issue raised on the appeal from the order entered October 1, 1987, has been considered on the appeal from the order dated March 23, 1988.

The individual defendant was allegedly served by delivery of a copy of the summons and complaint to him at his office on July 15, 1983. In their answer, the defendants denied the plaintiffs' allegations and demanded judgment dismissing the complaint. After the answer had been served, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. On May 16, 1986, the parties entered into a stipulation giving the plaintiffs the right to serve an amended complaint and providing that the defendants could amend their answer as "a matter of course". A second stipulation entered into on July 29, 1986, extended the dates for service previously agreed upon in the earlier stipulation.

Thereafter, the plaintiffs served an amended complaint dated August 13, 1986. On September 12, 1986, the defendants moved to dismiss the amended complaint on the ground, *inter*

*alia,* that the plaintiffs had failed to acquire in personam jurisdiction over the individual defendant. The plaintiffs responded that the individual defendant had waived the defense of improper service. In its order entered October 1, 1987, the Supreme Court (Brucia, J.), held that the individual defendant had not waived the jurisdictional issue and directed a hearing on the issue of whether or not that defendant had been properly served. After the hearing, the Supreme Court (Morrison, J.), concluded that the individual defendant had been personally served with a copy of the summons and complaint at his office on July 15, 1983, and accordingly denied the defendants' motion to dismiss the amended complaint.

The plaintiffs maintain that pursuant to the Court of Appeals decision in *Addesso v Shemtob* (70 NY2d 689), the defendants' failure to raise the defense of lack of personal jurisdiction in their initial answer to the original complaint and in their motion to dismiss pursuant to CPLR 3211 (a) (7) constituted a waiver of the defense, which was not revived by the parties' stipulations. We agree.

The Supreme Court and the defendants erroneously relied on cases decided prior to the *Addesso (supra)* decision in reaching their conclusion that the defendants had not waived the defense of lack of personal jurisdiction. Those cases support the defendants' position that the stipulations which provided the defendants with the right to amend their answer "as a matter of course" permitted them to raise the defense of lack of personal jurisdiction *(see, Russell v Trask Co.,* 125 AD2d 136; *Naccarato v Kot,* 124 AD2d 365; *Britt v Freidus,* 95 AD2d 751; *Solarino v Noble,* 55 Misc 2d 429; *Blatz v Benchine,* 53 Misc 2d 352). In *Addesso v Shemtob (supra),* the defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action prior to answering the plaintiff's complaint. In their answer to an amended complaint, the defendants asserted as an affirmative defense that the court lacked personal jurisdiction over them.

The Court of Appeals first set forth the pertinent provisions of CPLR 3211 (c). That section provides that the defense of lack of personal jurisdiction is waived unless raised either by a motion made pursuant to CPLR 3211 (a) or in the responsive pleading. The court found "no reason to depart from the statute's plain language even though the jurisdictional defect was asserted in a pleading made as of right in response to a complaint amended as of right by plaintiff. The basis for the objection of lack of personal jurisdiction—improper service of the summons and the original complaint—should have been

made in the earlier CPLR 3211 (a) motion to dismiss" *(Addesso v Shemtob, supra,* at 690). Therefore, the instant defendants' failure to raise the jurisdictional defense in either their answer or in their CPLR 3211 (a) (7) motion to dismiss precluded them from raising that defense in their answer to the amended complaint.

Even though the stipulation permitted the defendants to serve responsive pleadings as of right, under *Addesso v Shemtob (supra)* amendments "as of right" no longer preclude a finding of waiver. The cases relied on by the defendants are therefore no longer controlling *(see,* Note, *Civil Practice Law and Rules,* 62 St. John's L Rev 188 [1987]). The language contained in the stipulations is silent as to the jurisdictional issue and cannot be construed to permit the revival of the defense of lack of personal jurisdiction *(Columbia Broadcasting Sys. v Roskin Distribs.,* 31 AD2d 22, *affd* 28 NY2d 559).

In any event, the record made at the hearing clearly presented a question of credibility for the hearing court as to whether the individual defendant was properly served. Its determination of that issue is entitled to great weight and will not be disturbed on this appeal as it was not clearly erroneous *(see, Barnet v Cannizzaro,* 3 AD2d 745, 747). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.