OPINION OF THE COURT
Angelo Graci, J.
When a jurisdictional defense is omitted from a defendant’s *42 original answer, may it be asserted in an amended answer responding to an amended complaint?
This procedural query has been raised by the plaintiffs in their motion herein for an order pursuant to CPLR 3211 (b) granting partial summary judgment and dismissing the fifth affirmative defense asserted by defendant L.L.H. Recycled Aggregates in its answer to plaintiffs’ amended complaint.
The within action to recover for personal injuries was commenced by plaintiffs in late 1987. The defendant L.L.H. Recycled Aggregates served a verified answer dated December 18, 1988 which raised four affirmative defenses. Said defendant did not claim lack of personal jurisdiction in its answer, nor was a jurisdictional defense raised in a motion to dismiss pursuant to CPLR 3211 (a) (8).
In November 1989 the plaintiffs amended their complaint as of right pursuant to CPLR 1009. The defendant L.L.H. Recycled Aggregates served an answer to the amended complaint dated December 15, 1989 which asserted for the first time as a fifth affirmative defense the lack of personal jurisdiction based on improper service.
The plaintiffs move herein for partial summary judgment, pursuant to CPLR 3211 (b), dismissing the aforementioned fifth affirmative defense on the grounds that defendant L.L.H. Recycled Aggregates conceded jurisdiction in its original answer and thereby waived the defense, and cannot raise it subsequently.
Defendant L.L.H. Recycled Aggregates opposes this motion and states that an amended complaint supersedes the original pleading, rendering the original answer null, and a new responsive pleading is substituted for the original answer. (See, Stella v Stella, 92 AD2d 589.) According to this argument, plaintiffs’ amended complaint furnished the defendant with a new opportunity to raise a jurisdictional defense which might otherwise have been deemed waived. (See, Solarino v Noble, 55 Misc 2d 429.) This view was espoused by Professor Joseph M. McLaughlin, presently sitting as a Judge of United States District Court, Eastern District of New York, as being based on the following principle: "It seems clear that, if the defendant has time to amend his answer as a matter of right (cf. CPLR 3025(a)), he may assert the jurisdictional objection, relying upon the general rule that an amendment relates back to the service of the original pleading.” (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C320:4, at 498; also see, Blatz v Benschine, 53 Misc 2d 352.)
*43 However, it would appear that the Court of Appeals in Addesso v Shemtob (70 NY2d 689, 690) overruled this principle by applying CPLR 3211 (e) in the following manner: "the defense of lack of personal jurisdiction 'is waived if a party moves on any grounds set forth in subdivision (a) without raising such objection’. There is no reason to depart from the statute’s plain language even though the jurisdictional defect was asserted in a pleading made as of right in response to a complaint amended as of right by plaintiff. The basis for the objection of lack of personal jurisdiction — improper service of the summons and original complaint — should have been made in the earlier CPLR 3211 (a) motion to dismiss.”
More recently, the Appellate Division, Second Department, followed the Addesso reasoning (supra) and declared: "the instant defendants’ failure to raise the jurisdictional defense in either their answer or in their CPLR 3211 (a) (7) motion to dismiss precluded them from raising that defense in their answer to the amended complaint.” (DeFilippis v Perez, 148 AD2d 490, 492.) The Appellate Division makes it clear that to the extent that such cases as Blatz (supra) and Solarino (supra) are to the contrary, they are no longer controlling. (DeFilippis v Perez, 148 AD2d 490, 492, supra.)
There are those who would limit the Addesso ruling to a situation where as in Addesso (supra) and DeFilippis (supra) the defendant, by invoking the court’s jurisdiction to. dismiss the complaint, had waived his objection to jurisdiction. (See, McLaughlin, 1987 Supp Practice Commentaries, McKinney’s Cons Law of NY, Book 7B, CPLR C320:4, 1990 Supp Pamph, at 337.) In 1987, Professor McLaughlin anticipated the case before this court, as follows: "An interesting speculation, however, is whether the result [in Addesso] would have been the same if the defendant had made no motion to dismiss, but had merely served an answer not containing the jurisdictional objection. The answer to that question is much more problematical.” (Ibid.) Indeed, Professor David D. Siegel distinguishes Addesso from Solarino (supra) and comes to the following conclusion: "the Court of Appeals did not mean with Addesso to hold a jurisdictional objection waived in a Solarino situation, i.e., one in which no motion has been made.” (1989 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:62, 1990 Supp Pamph, at 5-6.)
Yet, Professor Siegel admits that "[t]he waiver that CPLR 3211(e) spells out applies also, of course, when an objection is *44 omitted from the 'responsive pleading’, but since a pleading amended under CPLR 3025(a) automatically supersedes the original pleading, whatever is carried in the later one can be deemed to have seen first light in the earlier one.” (Ibid.)
In the instant motion the court has considered the diverse wavering views regarding jurisdictional waiver (see, Note, Civil Practice Law and Rules, 62 St. John’s L Rev 188 [1987]), and finds the reasoning in Addesso (supra) and DeFilippis (supra) to be consistent and controlling even in what Professor Siegel would designate a Solarino situation (supra). In both Addesso and DeFilippis, the defendants, as in the instant action, failed to raise the defense of lack of personal jurisdiction in their initial answer to the original complaint, and only in response to an amended complaint did they first assert their jurisdictional objection. Granted in both Addesso and DeFilippis the defendants also failed to raise their jurisdictional defense when they moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) before the plaintiffs served their amended pleading. Nevertheless, the Court of Appeals and Appellate Division, Second Department, based their rulings on the principle that defendants’ failure to raise their jurisdictional defense in the manner set forth in CPLR 3211 (e) constituted a statutory waiver which precluded them from raising that defense in their answer to the amended complaint. CPLR 3211 (e), in pertinent part, provides: "An objection based upon a ground specified in paragraphs eight [lack of personal jurisdiction] or nine of subdivision (a) is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having made no objection under subdivision (a), he does not raise such objection in the responsive pleading. ” (Emphasis added.) Both Addesso and DeFilippis, as the case herein, were situations where there was a statutory jurisdictional waiver in effect when the plaintiffs served an amended complaint, and yet the courts in both cases rejected Professor Siegel’s conclusion that "since a pleading amended under CPLR 3025(a) automatically supersedes the original pleading, whatever is carried in the later one can be deemed to have seen first light in the earlier one.” (1989 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:62, 1990 Supp Pamph, at 6.) In essence, the restated rule is that if a defendant neither moves nor interposes the jurisdictional objection in his original answer, he has submitted his person to the jurisdiction of the court in accordance with CPLR 3211 (e), and the subsequent *45 service by plaintiff of an amended complaint does not alter this status.
Based on the foregoing, the court finds that the defendant herein, L.L.H. Recycled Aggregates, having waived the jurisdictional defense in the first instance, cannot raise it in an amended answer.
Accordingly, the motion by plaintiffs for summary judgment dismissing the fifth affirmative defense asserted by defendant L.L.H. Recycled Aggregates in its amended answer is granted.
Since the question raised by this motion has been designated as a problematic one, the court denies plaintiffs’ request for CPLR 8303-a sanctions.