OPINION OF THE COURT
Marola Sncowrrz, J.
Petitioner tenants commenced this Housing Part (HP) proceeding in December 2000 seeking a final judgment ap *504 pointing a RPAPL article 7-A administrator pursuant to RPAPL 778. Respondent interposed a verified answer and the case appeared on the HP calendar on January 10, 2001 at which time the proceeding was adjourned on consent to February 13 to get the results of the Department of Housing Preservation and Development (DHPD) inspection of the subject apartments. Respondent moved by amended notice of motion, dated April 23, 2001, for an order either dismissing the petition or for discovery. Respondent seeks dismissal of the petition on several grounds including, inter alia: pursuant to CPLR 3211 (a) (2) as the petition was brought by less than the one third of the tenants residing in the premises contrary to RPAPL 770 (l);[1] pursuant to CPLR 3211 (a) (10) for failure to serve an indispensable party (Dubor Associates); failure to serve notice of the proceeding on the nonpetitioning tenants pursuant to RPAPL 771 (6); and failure to serve the registered managing agent.
Petitioners served a notice of cross motion seeking an order striking various defenses and affirmative defenses contained in respondent’s answer, and an affirmation in opposition to respondent’s motion to dismiss the proceeding. Respondent submitted an affirmation in opposition to petitioners’ cross motion and in further support of respondent’s motion to dismiss, and petitioners submitted an affirmation in reply and sur reply.
Issue:
Did petitioners fail to serve the nonpetitioning tenants pursuant to RPAPL 771 (6)?
Facts:
The instant proceeding seeking appointment of a 7-A administrator for a housing project known collectively as “Marcus Garvey Village” and named in the caption as “Marcus Garvey Brownstone Houses, Inc.” is brought by 223 tenants who reside in seven different buildings. The seven different buildings have different street addresses, separate property registration forms filed with DHPD, and different block and lot numbers.[2]
The affirmation of service on the nonpetitioning tenants, by petitioners’ counsel, affirms that counsel served the nonpeti *505 tioning tenants “by posting a copy of the Notice of Petition and Petition in this proceeding on a conspicuous place of the subject premises, to wit: the outer door of 353 Chester Street, Brooklyn, New York, the management office of the subject project.”
Legal Arguments:
Respondent submits that posting the petition and notice of petition in a conspicuous place in the management office at 353 Chester Street, Brooklyn, New York, does not provide the notice specified in RPAPL 771 (6) “by affixing a copy of the notice of petition and petition upon a conspicuous part of the subject dwelling” to the nonpetitioning tenants who reside in the six other buildings in “Marcus Garvey Village.” Petitioners argue in response to this branch of respondent’s motion to dismiss that: (1) RPAPL 771 (6) does not require individual service upon each nonpetitioning tenant at each of their apartment units; (2) even if the court finds that service upon the nonpetitioning tenants is defective pursuant to RPAPL 771 (6) they are entitled to cure the insufficiency by having the court fashion a new manner of service as service on the nonpetitioning tenants is neither a pleading requirement nor is it jurisdictional; and (3) respondent does not have standing to raise the issue of defective service upon the nonpetitioning tenants as respondent can claim no injury from the alleged insufficiency of the notice given.
Discussion:
Pursuant to RPAPL 771 (6) the nonpetitioning tenants need not be named in the proceeding, but they must be notified of the petition and notice of petition seeking appointment of a 7-A administrator for their premises. (Eversley v Ulkan Realty Corp., 70 Misc 2d 153, 154 [Civ Ct, NY County 1972].) Nonpetitioning tenants in the building must be provided notice of the proceeding “by affixing a copy of the notice of petition and petition upon a conspicuous part of the subject dwelling.” (RPAPL 771 [6].) RPAPL 782 defines “dwelling” as “any building or structure or portion thereof which is occupied in whole or in part as the home, residence or sleeping place of one or more human beings and is either rented, leased, let or hired out, to be occupied, or is occupied as the residence or home of three or more families living independently of each other.”
Failure to serve the nonpetitioning tenants pursuant to the statute deprives the court of jurisdiction. (Eversley at 154.) *506 Article 7-A proceedings, as “creatures of statute,” are exclusively governed by the terms of the statute that created them. The failure to strictly comply with statutes governing summary proceedings requires dismissal of the proceeding. “[A] summary proceeding is a special proceeding governed entirely by statute [citations omitted], and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction [citations’omitted].” (MSG Pomp Corp. v Doe, 185 AD2d 798, 799-800 [1st Dept 1992].)
The language of RPAPL 771 (6) is clear and mandatory, and states that nonpetitioning tenants must be provided notice of the proceeding “by affixing a copy of the notice of petition and petition upon a conspicuous part of the subject dwelling.” The purpose of service of notice is two fold. First, it notifies a party, or potential intervener, as in the case of a nonpetitioning tenant, that the action is pending, as well as where, when and how a nonpetitioning tenant can assert his or her rights.[3] It informs the nonpetitioning tenant that the question of removing operation of their dwelling (i.e., collection of rents, repairs, summary proceedings, rent abatement claims, responsibility for cleaning the building and supervision of the premises) from the landlord and giving this responsibility to a 7-A administrator is being litigated. Second, it is an act of public power that symbolizes the court’s assertion of authority over a litigant. (House of Bowery Corp. v Ensley, NYLJ, Oct. 17, 1999, at 30, col 1.) “Substantial property rights will not be interfered with in the absence of showing that all interested parties have been given an opportunity to be heard.” (Eversley at 154.) Particularly in a 7-A proceeding, which involves a drastic remedy with ramifications for nonpetitioning tenants, who are not statutorily required to be named as parties, it is clear and compelling that service of notice upon them be effectuated strictly according to the statute, and be reasonably calculated to make non-petitioning tenants aware of the proceeding. (Mark v William Muschel, Inc., 135 Misc 2d 804, 806 [Civ Ct, NY County 1987], affd in part and revd in part 142 Misc 2d 6 [App Term 1988]; Dobkin v Chapman, 21 NY2d 490 [1968]; NY Const, art I, § 6.)
Respondent is not raising, and the Court is not reaching, the question of whether service pursuant to RPAPL 771 (6) requires that the petition and notice of petition be posted on *507 each individual apartment door of nonpetitioning tenants.[4] A reading of the statute is clear and unqualified, and the Court holds that it requires a posting of the petition and notice of petition in a conspicuous place in the dwelling unit such as a lobby or main entrance area. In the instant proceeding, wherein there are seven buildings or dwellings with seven different street addresses, the Court finds it is both required by RPAPL 771 (6), and reasonable to assure notice to the nonpetitioning tenants, to post the pleadings in the lobby of each of the seven buildings. Posting of the petition and notice of petition in each of the seven building lobbies is not unduly burdensome or financially prohibitive to the petitioners. Further, posting the petition and notice of petition in each of the seven lobbies would be reasonably calculated to assure actual notice to the nonpetitioning tenants by being posted in areas where they pass through as they enter and exit their dwelling. It is certainly conceivable that nonpetitioning tenants in six of the buildings do not enter 353 Chester Street, Brooklyn, New York, where the management office is located. The method of service on the nonpetitioning tenants herein was insufficient and defective pursuant to RPAPL 771 (6), as the Court finds that posting the pleadings in one building out of seven buildings does not comply with the statute to provide service to the nonpetitioning tenants who reside in the six buildings that did not receive a posting of the petition and notice of petition.
Petitioners’ argument that respondent lacks standing to raise the affirmative defense of defective service upon the nonpetitioning tenants is without merit. A defect in the manner of service of a notice of petition and petition, as directed by the RPAPL, is a jurisdictional requirement. The Court, sua sponte, can dismiss a petition based on the facial insufficiency of the affidavit of service of the petition and notice of petition. In a proceeding commenced pursuant to article 7-A of the RPAPL which provides a drastic remedy pursuant to a broad grant of jurisdiction to the HP court pursuant to RPAPL article 7-A (CCA 110 [a] [5]; [c]), the Court must evaluate the sufficiency of service of the notice of petition and petition. An administrator, if appointed, is held to be “an arm” of the appointing court and subject to the court’s control. (Copeland v Salomon, 56 *508 NY2d 222, 227 [1982].) The HP court must ensure that due process has been afforded to those named in the statute, and that service was reasonably calculated to give notice to the nonpetitioning tenants. Service, pursuant to the statute, RPAPL 771 (6), is required to invoke the court’s jurisdiction. The Court does not have to . reach the issue of whether or not respondent is harmed by the petitioners’ failure to serve non-petitioning tenants pursuant to RPAPL 771 (6), as petitioners allege they must be to assert such a defense. A party who raises an affirmative defense that goes to the court’s jurisdiction over a proceeding commenced pursuant to RPAPL does not have to prove harm or prejudice.
Although both sides have raised other issues in the respective amended notice of motion and cross motion, the Court need not reach these issues. Based on the foregoing, the notice of petition and petition are dismissed without prejudice.

. This allegation is based on the fact that out of the 223 named petitioners only one petitioner verified the petition.

. “Marcus Garvey Village” is a development consisting of buildings within these addresses: 147-167 Riverdale Avenue; 170-191 Riverdale Ave *505 nue; 304-362 Bristol Street; 227-247 Dumont Avenue; 318-376 Chester Street; and 395-480 Chester Street, Brooklyn, New York.

. See CPLR 1013.

. Petitioners argue that failure to serve each individual nonpetitioning tenant by posting the pleadings on their respective apartment doors does not render service pursuant to RPAPL 771 (6) defective. There is no claim before the Court that RPAPL 771 (6) requires individual service on nonpetitioning tenants.