OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
In this proceeding commenced under article 7-A of the Real Property Actions and Proceedings Law for the appointment of an administrator, the court properly granted respondents’ motion to dismiss the petition, without prejudice, on the ground that a proper notice to the nonpetitioning tenants had not been given (RPAPL 771 [6]).
At least one third of the tenants in this housing complex joined as petitioners seeking the appointment of an administrator (see, RPAPL 770 [1]). Section 771 (6) of the RPAPL provides that “Notice of the proceeding shall be given to the non-petitioning tenants occupying the dwelling by affixing a copy of the notice of petition and petition upon a conspicuous part of the subject dwelling.” The word “dwelling” is defined in RPAPL 782 as follows:
“As used in this article, the term ‘dwelling’ shall mean any building or structure or portion thereof which is occupied in whole or in part as the home, residence or sleeping place of one or more human beings and is either rented, leased, let or hired out, to be occupied, or is occupied as the residence or home of three or more families living independently of each other; or is a garden-type maisonette dwelling project as defined in the multiple dwelling law or other similar dwellings which in their aggregate are arranged or designed to provide three or more apartments, have common facilities * * * .”
Few cases have discussed the sufficiency of the notice which is required to be given to nonpetitioning tenants under RPAPL 771 (6). In Eversley v Ulkan Realty Corp. (70 Misc 2d 153, 154), the court held that in the absence of proof that nonpetitioning tenants had been given notice, the court was “deprived of jurisdiction” (see also, Finkelstein and Ferrara, Landlord and Tenant Practice in New York § 16:99, at 16-34).
What makes this case problematic is the makeup of the housing complex. It appears that this is a horizontal row house development allegedly with 175 entrance doors and 300-400 apartments. Petitioners’ solution to the notice requirement for *441 nonpetitioning tenants was to affix a single copy of the notice of petition and petition next to the door of the office of the managing agent. We are in agreement with the determination of the court below that proper notice was not provided to the nonpetitioning tenants. While the court could have denied the motion on condition that petitioners properly notify the nonpetitioning tenants, it cannot be said under the circumstances presented, and in view of the nature of the dwelling and subsequent possible changes to the apartments in question, that there was an abuse of discretion by the court in dismissing the petition without prejudice.
Pesce, P.J., Aronin and Patterson, JJ., concur.