[833 NE2d 259, 800 NYS2d 116]

FRANK B. IACOVANGELO, as Administrator of the Estate of GOLDIE GILCHRIST, Also Known as GOLDY BOND, Deceased, Appellant, v DAVID SHEPHERD et al., Respondents.

Argued June 7, 2005; decided June 30, 2005

## POINTS OF COUNSEL

*Gallo & Iacovangelo, LLP,* Rochester (*Joseph B. Rizzo* of counsel), for appellant. Defendants waived any defense sounding in lack of personal jurisdiction. (*Addesso v Shemtob,* 70 NY2d 689; *DeFilippis v Perez,* 148 AD2d 490; *Sanchez v L.L.H. Recycled Aggregates,* 147 Misc 2d 41; *Urena v NYNEX, Inc.,* 223 AD2d 442.)

*Bivona & Cohen, P.C.,* New York City (*Michael P. Lagnado, Harold J. Derschowitz* and *Ian H. Kaufman* of counsel), for respondents. Since defendants did not move for CPLR 3211 dismissal prior to interposing their amended answer as of right, the court's lack of personal jurisdiction was properly raised as an affirmative defense in their subsequent answer. (*Abrams v Community Servs.,* 76 AD2d 765; *Addesso v Shemtob,* 70 NY2d 689; *DeFilippis v Perez,* 148 AD2d 490; *Sanchez v L.L.H. Recycled Aggregates,* 147 Misc 2d 41.)

## OPINION OF THE COURT

R.S. Smith, J.

We hold that a defendant who omits from an answer a defense based on lack of personal jurisdiction has not waived the defense if the defendant corrects the omission before the time to amend the answer without leave of court has expired.

### Facts and Procedural History

Goldie Gilchrist, a New York resident, was walking on a highway in Georgia when she was hit by a truck owned by David Shepherd and driven by Thomas Rouse. Shepherd and Rouse are residents of Georgia. Gilchrist died several months later, and her administrator sued Shepherd and Rouse in New York, alleging that both of them negligently injured Gilchrist and caused her death, and also that Shepherd was vicariously liable for Rouse's negligence.

On November 8, 2002, defendants served an answer to the complaint that did not challenge the court's jurisdiction over them. Plaintiff served an amended complaint dated November 14, 2002. On November 21, 2002, 13 days after serving the original answer, defendants served a "Verified Amended Answer" alleging that "the Court lacks jurisdiction over the persons of the answering defendants."

Defendants moved to dismiss the action for lack of personal jurisdiction. Plaintiff, opposing the motion, argued that defendants had waived this defense by failing to assert it in their original answer. Supreme Court granted the motion, holding that "the defendants did not waive their jurisdictional defense." The Appellate Division affirmed, as do we.

## Discussion

CPLR 3211 (a) (8) permits a defendant to move to dismiss a complaint on the ground that "the court has not jurisdiction of the person of the defendant." CPLR 3211 (e) provides in relevant part:

> "An objection based upon a ground specified in paragraphs eight or nine of subdivision (a) is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having made no objection under subdivision (a), he does not raise such objection in the responsive pleading."

In *Addesso v Shemtob* (70 NY2d 689 [1987]), we applied CPLR 3211 (e) in a case where defendants had moved to dismiss the complaint without raising a jurisdictional defense in the motion. We found "no reason to depart from the statute's plain language" (*id.* at 690), and held that the defense was waived. Here, we face an issue on which CPLR 3211 (e) is not explicit: whether a waiver occurs when a party does not raise the defense in his or her first "responsive pleading," but does raise it in a pleading permitted by CPLR 3025 (a), which says that "[a] party may amend his pleading once without leave of court within twenty days after its service . . . ."*

This issue was decided by Supreme Court in *Solarino v Noble* (55 Misc 2d 429 [Sup Ct, NY County 1967, Spiegel, J.]), a case in which a defendant amended his answer two days after serving it to add a defense of lack of personal jurisdiction. The

---

* Strictly speaking, the "Verified Amended Answer" in this case was not served pursuant to CPLR 3025 (a), because plaintiff amended his complaint after the original answer was served; defendants were entitled to serve a new answer even without relying on CPLR 3025 (a). No party argues, however, that this technical distinction is material. If, in the absence of an amendment to the complaint, defendants would have had a right to add a jurisdictional defense by amending their answer pursuant to CPLR 3025 (a), it would obviously be unfair to hold that plaintiff deprived them of that right by amending his complaint.

court held the defense was not waived. Justice Spiegel referred to " 'the general rule that an amendment relates back to the service of the original pleading' " (*id.* at 430, quoting *Blatz v Benschine*, 53 Misc 2d 352, 354 [Sup Ct, Queens County 1967]), to the absence of prejudice to the plaintiff, and to "the general principle that cases should be determined on the merits, rather than on the basis of the procedures followed" (*id.*). Several Appellate Division decisions also support the idea that a pleading amended as of right "relates back to and speaks as of the time of the filing of" the original pleading (*Abrams v Community Servs., Inc.*, 76 AD2d 765, 766 [1st Dept 1980]; *see also Naccarato v Kot*, 124 AD2d 365, 365 [3d Dept 1986, Levine, J.] [distinguishing *Solarino* where the amendment is not "taken as of right" but is by leave of court]; *Boulay v Olympic Flame, Inc.*, 165 AD2d 191 [3d Dept 1991] [same]).

In *DeFilippis v Perez* (148 AD2d 490, 491 [2d Dept 1989]), the Appellate Division referred to *Solarino* and similar decisions as "cases decided prior to the *Addesso* . . . decision" and reversed a ruling that it said "erroneously" relied on them. These comments were not necessary to the decision in *DeFilippis*—a case essentially identical to *Addesso*—and we think that, as Professor Siegel has suggested, the *DeFilippis* court erred in implying that *Solarino* and *Addesso* were inconsistent (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:62). *Addesso* involved waiver by omission of a defense from a motion, not from an answer, and the two are not the same. There is no statutory right to amend a motion that is comparable to the right to amend an answer afforded by CPLR 3025 (a).

We agree with the *Solarino* court that permitting a defendant to add a jurisdictional defense to an answer by an amendment as of right is consistent with CPLR 3211 (e), and advances the purpose of CPLR 3025 (a). CPLR 3025 (a) gives a party 20 days after serving a pleading to correct it or improve upon it, and the addition of a jurisdictional defense is no less proper a correction or improvement than any other. We hold that a party who adds such a defense by an amendment as of right "raise[s] such objection in the responsive pleading" within the meaning of CPLR 3211 (e).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order affirmed, with costs.