Manfredo v 100-106 LLC (2024 NY Slip Op 01115)

Manfredo v 100-106 LLC

2024 NY Slip Op 01115

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 153443/22 Appeal No. 1776 Case No. 2023-02378 

[*1]Rachel Manfredo, Plaintiff-Respondent,
v
100-106 LLC, Defendant-Respondent, Palms Salon LLC, Defendant-Appellant.

Miller Leiby & Associates, P.C., New York (Jeffrey R. Miller of counsel), for appellant.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered April 14, 2023, which denied defendant Palms Salon LLC's CPLR 3211(a)(8) motion to dismiss plaintiff's complaint for lack of personal jurisdiction, unanimously reversed, on the law, the motion granted, and the complaint dismissed as against Salon.
An action may be dismissed for lack of personal jurisdiction (see CPLR 3211[a][8]). Although such an affirmative defense is waived if not raised in the answer or a pre-answer motion to dismiss (see CPLR 3211[e]), "a defendant who omits from an answer a defense based on lack of personal jurisdiction has not waived the defense if the defendant corrects the omission before the time to amend the answer without leave of court has expired" (Iacovangelo v Shepherd, 5 NY3d 184, 185 [2005]; see also Brafman & Assoc., P.C. v Balkany, 190 AD3d 453, 453 [1st Dept 2021]).
Here, Salon asserted lack of personal jurisdiction in its June 6, 2022 amended answer, thus it did not waive the affirmative defense, whether included in the original answer or not. In any case, it was included in Salon's May 20, 2022 original answer, as the motion court recognized.
Inasmuch as Salon did not waive the affirmative defense of lack of personal jurisdiction, its motion to dismiss the complaint without timely opposition should have been granted because plaintiff failed to satisfy her burden of demonstrating Salon was properly served (see Stewart v Volkswagen of Am., 81 NY2d 203, 207 [1993]). In its motion, Salon proffered an affidavit by its principal, Brittany Hartz, who averred that the person served "was [not] an authorized agent, manager or otherwise authorized to accept service of process on behalf of [Salon]." It is also uncontroverted that Salon, a limited liability company organized under Delaware law and a New York resident, was not served via the Secretary of State. Accordingly, plaintiff did not effectuate personal jurisdiction over Salon, as service of process was not made under either CPLR 311-a or Limited Liability Company Law § 303.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024