■ SIRLIN & SIRLIN, Respondent, v ALEXANDER FUSCO et al., Appellants. — In an action to recover the reasonable value of legal services rendered, in which the defendants counterclaimed to recover damages for legal malpractice, defendants appeal from an order of the Supreme Court, Westchester County, dated December 18, 1980, which (1) denied their motion to compel plaintiff to select one attorney of record and (2) granted plaintiff's cross motion to permit separate law firms to represent them in the main action and on the counterclaim. Order reversed, with $50 costs and disbursements, defendants' motion granted, and plaintiff's cross motion denied. Special Term erred in permitting separate counsel to represent plaintiff in prosecuting the claim in their complaint and in defending against the counterclaim. This court has recently considered the question of dual representation of a plaintiff where a counterclaim has been asserted and the plaintiff's insurance carrier retains counsel to defend the counterclaim. We held that there is no authority for a party to be represented by more than one attorney of record (see *Chemprene, Inc. v X-Tyal Int. Corp.,* 78 AD2d 668, mot for lv to app granted [2nd Dept., Feb. 18, 1981]). We note that in this case the counterclaim is intimately related to the claim asserted in the complaint. Mangano, J. P., Rabin, Margett and Weinstein, JJ., concur.

■ HENRIETTA SOUCHU, as Administratrix of the Estate of GEORGE SOUCHU, Deceased, Appellant, v J.I. HASS Co. et al., Defendants, and A. J. PARRELLA BLACKTOPPING, INC., Respondent. (And Third- and Fourth-Party Actions.) — In a wrongful death action, plaintiff appeals from an order of the Supreme Court, Orange County, dated April 28, 1980, which granted defendant A. J. Parrella Blacktopping, Inc.'s motion to serve an amended answer. Order reversed, on the law, with $50 costs and disbursements, and motion denied. The granting of defendant A. J. Parrella Blacktopping, Inc.'s motion to amend its answer to withdraw the admission that it had provided the allegedly defective pavement roller to decedent's employer was prejudicial. The motion was made after the wrongful death Statute of Limitations expired, preventing the plaintiff from instituting an action against the actual owner and provider of the vehicle (see *Drescher v Mirkus,* 211 App Div 763). Plaintiff had no reason to believe that the admission was erroneous. The granting of the motion would leave plaintiff without remedy (see *Kennedy v Calta,* 70 AD2d 930) and, therefore, it should be denied. Mangano, J. P., Rabin, Margett and Weinstein, JJ., concur.