■ SUSAN NACCARATO, Respondent, v PAMELA KOT et al., Defendants, and CITY OF TROY, Appellant.—Levine, J.

Plaintiff commenced the instant suit by service of a sum-

mons and complaint on, among others, defendant City of Troy (hereinafter the City). The City responded shortly thereafter by service of an answer. Subsequently, some seven months later, the City sought leave to amend its answer to assert the affirmative defense of lack of personal jurisdiction, claiming that plaintiff's service of the summons and complaint by regular mail was not effective to confer in personam jurisdiction upon Supreme Court. Special Term denied the motion and this appeal ensued.

Undeniably, the City did not appropriately raise an objection to personal jurisdiction either by way of a preanswer motion or in its answer to plaintiff's complaint (see, CPLR 3211 [a] [8]; [e]). Accordingly, its service of an answer upon plaintiff constituted a general appearance in the action which effectuated a waiver of any such objection and conferred personal jurisdiction upon Supreme Court (CPLR 320 [b]). However, the City relies upon CPLR 3025 (d), which provides that leave to amend a pleading shall be freely given, and claims that since plaintiff has not shown that any prejudice would result from the untimely assertion of the City's jurisdictional defense (citing *Pegno Constr. Corp. v City of New York,* 95 AD2d 655), Special Term abused its discretion in denying the motion. We disagree.

An amendment to a pleading taken as of right (see, CPLR 3025 [a]) may contain an objection to personal jurisdiction not previously asserted, since such an amendment relates back in time to the original pleading (*Abrams v Community Servs.,* 76 AD2d 765, 766; *Solarino v Noble,* 55 Misc 2d 429, 430). However, the weight of authority is to the contrary when a defendant must seek leave to amend the pleading to interpose such an objection, since the court cannot be divested of the jurisdiction it acquired over a defendant who has made a general appearance (see, CPLR 320 [b]) by way of an untimely assertion of a jurisdictional defense (*Kukulka v Millard Fillmore Suburban Hosp.,* 106 AD2d 886, 887; *De Angelis v Friedman,* 46 AD2d 66, 68, *appeal dismissed* 38 NY2d 737; *Bonaparte v McCarthy,* 120 Misc 2d 81, 82; *Goldner v Reiss,* 64 Misc 2d 785, 787; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 320.10; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.04; McLaughlin, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C320:4, pp 364-368; *cf. Caruso v Hoyer & Co.,* 79 AD2d 670, 671; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:62, pp 66-67; CPLR C3025:7, p 479). Accordingly, Special Term did not

abuse its discretion in denying the City's application for leave to amend its answer.

Order affirmed, with costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.