OPINION OF THE COURT
James P. King, J.
Motion by claimant for permission to file an untimely claim pursuant to section 10 (6) of the Court of Claims Act.
Claimant has already commenced an action based on the same transactions and occurrences that are set forth in the proposed claim which he seeks permission to late file. This motion is being brought in an effort to “cure” the defect of untimeliness that was asserted, albeit inartfully, in the State’s answer.
Claim No. 95937 alleges that the State, through the Department of Correctional Services, committed a number of wrongs in connection with claimant’s employment as a correction officer. The acts complained of concluded with a disciplinary hearing held April 11,1995. In that month, claimant attempted to file and serve a notice of intention.[1] Other than that, however, claimant’s activities were directed toward obtaining relief from the United States District Court, in an action commenced on August 30, 1995.
It was not until the spring of 1997 that all Federal proceedings were concluded, with the action being dismissed on the ground that there was no Federal jurisdiction. Claimant then commenced an identical action in this court, with a claim filed on April 4, 1997 (claim No. 95937). This claim, of course, was *3 not filed within two years of its accrual, and thus — even if there had been proper service of a notice of intention — claimant failed to comply with the time limitations set forth in section 10 (4) of the Court of Claims Act.[2] As noted above, the State raised the issue of timeliness in its answer, and claimant — in apparent recognition that his claim was, in fact, untimely — has brought the instant motion for permission to late file.
Before deciding the motion, however, it is necessary to determine whether the State’s affirmative defense of untimeliness was raised with sufficient “particularity” to preserve the objection (Court of Claims Act § 11 [c]).[3] The State’s first affirmative defense reads as follows: “That to the extent that the claim was not filed or served within the 90-day time limitation prescribed by Section 10 (3) and Section 11 of the Court of Claims Act or, if applicable, within the six-month time limitation prescribed by Section 10 (4) of the Court of Claims Act, the Court lacks subject matter jurisdiction of the claim and personal jurisdiction over the defendant, the State of New York.” This wording presents a conditional statement — that if the filing or service was untimely, then the court lacks jurisdiction to hear the claim.
The court has observed that this type of wording has been employed by an increasing number of Assistant Attorneys-General over recent years and that, moreover, such wording appears both in the answers to claims, such as this one, where there is a legitimate question of timeliness and in the answers to claims that are, without dispute, timely. In other words, for some of the State’s defense counsel, it has become routine “boilerplate”. Similar statements appear with respect to the defense of improper service, as well. Not all Assistant Attorneys-General insert these types of boilerplate, conditional defenses in their answers, but those that do appear to do so in all *4 answers, without regard to whether there is a genuine question about timeliness or manner of service.
There are, of course, many “boilerplate” allegations that are routinely included, properly or not, as affirmative defenses in most of the answers filed by attorneys of this State. A few examples are failure to state a cause of action, claimant or plaintiffs culpability, and third-party culpability. Some of these “defenses” are not proper affirmative defenses at all and do not belong in an answer. Nevertheless, these practices are common and accepted by the courts and Bar alike, because of the traditional sage advice: “[if] doubt [ful,] * * * treat it as a defense and plead” (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C3018:16, at 157). Pleading a matter that is not truly an affirmative defense does not shift the burden of proof to the defendant (Beece v Guardian Life Ins. Co., 110 AD2d 865), so typically there is no risk in including matters that are not necessary — or even matters that are not applicable to the particular action — while the consequences of omitting something that should have been pleaded are grave.
In general, affirmative defenses can be pleaded in the alternative or hypothetically, and, with respect to content, they are subject to the same basic pleading rules that apply to a claim (Siegel, op. cit., CPLR C3018:19, at 160; see, CPLR 3013).[4] This means that the statement should give notice of the relevant transactions and occurrences and set forth the material elements of the defense. The requirement that material elements must be stated “takes the pleading requirement of CPLR 3013 a bit past the mere ‘notice’ part” (Siegel, op. cit., CPLR C3013:3, at 722), but if a material element has been omitted, the usual result is that the party is given permission to re-plead. A truly dispositive result (dismissal of a complaint or striking an affirmative defense with prejudice) typically occurs only when the missing element does not exist, “not when there has merely been a failure to plead it” (id., at 723).
These general rules, however, are defined by statute with respect to affirmative defenses of untimeliness or improper service in a Court of Claims action, because they carry an additional, express statutory mandate that the affirmative defense be stated “with particularity”. Furthermore, this particular statement must appear in either a preanswer motion or *5 in the answer itself, not in an amended pleading[5] or at some later time, for, according to the statute, if the defense has been waived in the first instance “the court shall not dismiss the claim for such failure.” (Court of Claims Act § 11 [c].)
The background of the 1990 amendment to section 11, which added subdivision (c), is referenced in Fowles v State of New York (152 Misc 2d 837, 839). “A failure to comply with the precise [time and manner of service] requirements of the Court of Claims Act has often led to harsh results which deprive a claimant of an adjudication of the claim on the merits.” That decision also noted the “gamesmanship” (at 839) that sometimes resulted from the jurisdictional nature of the time and service requirements. Former Court of Appeals Judge Bernard G. Meyer went on to chastise the State for “play[ing] possum” when it failed to raise a jurisdictional defense until after it was possible for the claimant to cure the defect (Jones v State of New York, 51 NY2d 943, 945 [Meyer, J., dissenting]).[6] This charge was later echoed in Pelnick v State of New York (141 Misc 2d 542, 543-544, revd on other grounds 171 AD2d 734): “We note that the State did not include the affirmative defense of untimeliness in its answer. While we must accept that a lack of subject matter jurisdiction cannot be waived and may be asserted at any time, the court does not appreciate or condone the practice of playing ‘possum’ [citation to Jones v State of New York (supra)] until the Statute of Limitations has expired and claimant can no longer avail herself of the relief afforded by a motion to permit the late filing of a claim.”
*6 That these concerns led to the amendment of section 11 is evident in statements contained in the Bill Jacket for the amending legislation (L 1990, ch 625, § 1). There are references to the “unfair surprise” that was often visited on pro se litigants (as well as some practicing attorneys) when they discovered that — unlike the corresponding Statute of Limitations and service requirements of the CPLR, which must be raised by preanswer motion or in an answer or waived — a claimant’s failure to comply with the time and service requirements of the Court of Claims Act could be raised at any time, even at or after trial, often with fatal results (see, letter of [former] Presiding Judge Donald J. Corbett). The Attorney-General (then, Robert Abrams) stated in his supporting letter that it was the “policy” of his office to raise such defenses in the first response to a claim. Nevertheless, the practice was not uniform and if the policy were not followed with respect to a particular claim, the results for this claimant would be dire. “It is * * * apparent from the memoranda found in the Bill Jacket for the instant legislation that the amendment was to correct the inequities found in court dismissals arising from the failure of the claimants in those cases to comply with section 10 of the Court of Claims Act which was, by law, deemed to be substantive in nature and not waivable even if not pleaded as an affirmative defense. It was not uncommon to find claimants lulled into a sense of security until the Statute of Limitations ran out, only then to find their cases lost on motion to dismiss for lack of jurisdiction.” (Charbonneau v State of New York, 148 Misc 2d 891, 895.)
With the enactment of section 11 (c), the Judges of this court had reason and occasion to refine the requirement of “particularity”, and some of those discussions are referenced below. Initially, however, we address the argument of defense counsel that the statement contained in the answer to this claim must necessarily have been “particular” enough to provide adequate notice, because the claimant responded by moving for permission to file an untimely claim. There is no dispute with this argument on a surface level, as it is self-evident that this claimant is aware of the defect in his claim. The individual awareness and sagacity of a particular claimant or claimant’s attorney does not, however, answer the central question of whether the defense’s statement will provide adequate and clear notice to any reasonable person that a defect is claimed to exist and that it may at some point be used as the basis of a motion to dismiss.
*7 Defendant’s comments also convey an implicit expression of concern that raising the issue in this case is improper, or at least unwarranted, because the claim is, in fact, untimely and thus the State’s defense is fully meritorious. As noted above, there is no dispute that the claim is, in fact, untimely. On the other hand, there will never be a call for the court to address the issue of whether the statement of this type of “conditional” affirmative defense satisfies the statutory mandate except where the claim in question is defective because of late filing or improper service. If there is no defect, there is no danger of dismissal, and the court need never inquire into the adequacy of the defendant’s statement. For the requirement of particularity to have any meaning, therefore, the court must be prepared to allow an untimely or improperly served claim to proceed despite the presence of such defect.
Turning to the principal question of whether the statement contained in defendant’s answer was, in fact, sufficiently particular to invoke the defense of untimeliness, the court refers to the frequently cited discussion in Garcia v State of New York (Ct Cl, filed Sept. 24, 1993, Benza, J., claim No. 84965, motion No. M-48313, slip opn, at 4). There, the defect in question was allegedly improper service, and Judge Benza held that, to be sufficiently particular, the defendant’s statement should refer to (1) the manner of service that was used, (2) the manner of service that should have been used, and (3) the statutory authority for such a requirement, noting that all of the necessary information can be conveyed in one sentence. The statement employed by the defendant in Garcia — that neither the notice of intention nor the claim “was served in a manner complying with Court of Claims Act § 11 (a)” — was rejected as too imprecise, because it “failed to allege sufficient facts to provide notice to claimant as to how claimant failed to comply with the service requirements” (slip opn, at 4 [emphasis added]). The decision went on to quote with approval statements made by the late Judge Edwin Margolis in Silverman v State of New York (Ct Cl, filed Dec. 11, 1991, Margolis, E., J., claim No. 82933, motion No. M-44609, slip opn, at 6-7):
“We believe that the words used to raise either of these affirmative defenses should be at least as explicit as the language that the Legislature employed to refer to them: ‘Claimant has failed to comply with the time limitations contained in section 10 of the Court of Claims Act’ — or—‘claimant has failed to comply with the manner of service requirements set forth in subdivision a of section 11 of the Court of Claims Act’ * * *
*8 “[W]e see no reason why defense counsel should not provide the necessary additional information, citing the document in question and the particular defect. For example, ‘claimant failed to comply with subdivision (a) of section 11, because the (claim/notice) of intention was served by_, rather than in person or by certified mail, return receipt requested.’ We are aware that such a straight-forward, informative approach goes against the teachings and instincts of many attorneys, but an attorney who seeks to limit the information contained in one of these affirmative defenses runs the risk of having [that] defense disappear.” (Emphasis in original.)
While some of the Court of Claims Judges were also satisfied with a statement alleging merely that the defendant had not been served in accordance with the statute (see, O’Brien v State of New York, Ct Cl, filed Jan. 7, 1993, Corbett, P. J., claim No. 81408, motion No. M-46456), others went further and held that where there was no allegation as to how the claimant failed to comply with section 11 (a) — whether by making use of regular mail or some other improper form of service — the defense was not stated with sufficient particularity and consequently was waived (see, Hernandez v State of New York, Ct Cl, filed Sept. 9, 1993, Bell, J., claim No. 86399, motion No. M-48158; Caballero v State of New York, Ct Cl, filed July 28, 1993, Benza J., claim No. 84107, motion No. M-47987; Mouton v State of New York, Ct Cl, filed June 8, 1993, Weisberg, J., claim No. 84730, motion No. M-47436). In Mouton, Judge Weisberg rejected a broadly stated defense that the claim had not been “properly served and filed pursuant to the Court of Claims Act §§ 10 and 11” with the following comment: “This is hardly ‘with particularity,’ Rather, it begs the question in what way did claimant fail to comply * * * Was the notice late, section 11 incorporating the time constraints of section 10? Was the wrong person served, section 11 incorporating requirements of CPLR 307? Or was the method of service incorrect? We believe the addition of section 11 (c) was intended by the Legislature to avoid just such guess work.” (Supra, slip opn, at 2-3.)
Where the defendant seeks to allege the defect of untimeliness, rather than improper service, Judges held that, at a minimum, the defendant should state that the claim was untimely filed and served “in violation of Court of Claims Act §§ 10 and *9 11”[7] (see, Smith v State of New York, Ct Cl, filed July 20, 1993, Benza, J., claim No. 85799, motion No. M-48029) or that the claim had not been timely served within a particular time period “prescribed by Court of Claims Act §§ 10 and 11” (Kanaval v State of New York, Ct Cl, filed July 20, 1993, Benza, J., claim No. 86053, motion No. M-47990). This court has approved a statement that the claimant “ ‘served neither a notice of intention nor the claim on the State within ninety (90) days of the claim’s alleged accrual, as required by Court of Claims Act § 10 (3)’ ” (Ramirez v State of New York, 171 Misc 2d 677, 679), and Judge Hanifin accepted a similar statement in Figary v State of New York (Ct Cl, filed Oct. 27, 1993, Hanifin, J., claim No. 84424, motion Nos. M-47430, CM-47453, M-47697). All of these statements convey the same types of information described in Garcia (supra) for raising the defense of improper service, as they inform the client of the following facts: (1) that the claim or notice of intention was not filed or served in a timely fashion; (2) that the claim should have been filed at some earlier time; and (3) the statutory authority of the requirement that was allegedly violated.
The appellate courts have not always insisted on express reference to the third element, the statutory authority of the requirement that was violated. However, mention of the first two elements — the fact of noncompliance and the action that would have been proper — is invariably present when the defendant’s statement has been found to be sufficiently particular. In Villa v State of New York (228 AD2d 930, 931), the Third Department held that a statement that the Court of Claims lacked jurisdiction “ ‘since no notice of intention was served on the Attorney General within 90 days of accrual’ ” was sufficient to give claimant notice of his failure “and that it afforded him an adequate opportunity to correct his noncompliance”. In Scalise v State of New York (Ct Cl, filed Mar. 23, 1993, Margolis, I., J., claim No. 84049, motion Nos. M-46508, CM-46564), Judge Israel Margolis rejected a wordy statement that included information that “the claimant failed to timely and properly serve and file a * * * Claim pursuant to the Court of Claims Act,” but the Fourth Department subsequently held *10 that this statement had been adequate (210 AD2d 916, 917 [“The State’s affirmative defense adequately apprised claimant of the untimely service, thus preserving the objection”]).
In all of these statements, there is one element that is always referenced, however much Judges and even courts may disagree as to whether there must be a recitation of the specific document improperly served, the manner in which service was deficient, or the statutory authority that was violated. All of the defenses referred to above and others reviewed by this court, even those found unacceptable for one reason or another, contain a clear statement that the claimant has, in fact, failed to comply with a requirement for bringing suit in this court.
The “conditional” defense that is set forth in the answer to this claim, however, does not do so, even though it cites what a claimant should properly do and even makes reference to the relevant statutory authority. In truth, this “affirmative dev=fense [sic]” is no more than a restatement of governing law: “any claim that is not filed within the time limitations contained in section 10 is untimely”. That is certainly true. What it does not allege is that this claim was not filed within the statutory time limitations.
In a frequently quoted statement from Fowles v State of New York (152 Misc 2d 837, 840, supra), defense counsel are warned that “[a] claimant should not be left in a quandary to determine what an affirmative defense is referring to”, mentioning specifically the document involved (notice of intention or claim), method of service, or time of service. Here, the claimant is being left in an even more fundamental quandary: Is an affirmative defense being stated? We hold that it has not. The Legislature enacted section 11 (c) to, among other things, avoid “guess work” by claimants as to the specifics of affirmative defenses (Mouton v State of New York, supra). Certainly it is improper to leave those parties in a quandary as to whether an affirmative defense has been stated.
Because, despite the appearance of particularity in the statutory reference and specific time periods, defendant has failed to allege that claimant did not comply with these statutory requirements, the defense of untimeliness has not been preserved. Accordingly, since that defense has been waived, the instant claim is not vulnerable to a motion to dismiss on that ground, and claimant’s motion for permission to late file is denied as unnecessary.

. The court’s records contain a copy of a letter addressed to Lewis A. Millenbach of the Attorney-General’s office, which was received on April 6, 1995. This letter is not in the form of a notice of intention. Counsel for defendant states, and provides a supporting affidavit establishing, that the Attorney-General was never served with a notice of intention. Presumably, claimant served the Attorney-General with the original of the April letter and incorrectly assumed that it would operate as a notice of intention.

. Pursuant to this subdivision, in claims for, inter alia, express or implied contracts, either a claim or a notice of intention must be served (and in the case of a claim, filed) within four months .after accrual and, if a notice of intention is used, the claim itself must be served and filed within two years after accrual.

. “Any objection or defense based upon failure to comply with (i) the time limitations contained in section ten of this act, or (ii) the manner of service requirements set forth in subdivision a of this section is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading, and if so waived the court shall not dismiss the claim for such failure” (Court of Claims Act § 11 [c], added by L 1990, ch 625, § 1 [emphasis supplied]).

. CPLR 3013: “Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense.”

. Although the court is unaware of any case law on the issue, it is possible that an affirmative defense of untimeliness or improper service, stated particularly, could be raised for the first time in an answer that has been amended “as of right” within 20 days of service of the original answer (CPLR 3025 [a]). With respect to a defendant’s effort to raise the defense of untimeliness at some later time, see Carle v State of New York (Ct Cl, filed Oct. 21, 1993, Benza, J., claim No. 83332, motion No. M-48290), in which the position of each Appellate Division is discussed (see, Pefanis v Long, 114 AD2d 806 [1st Dept], appeal dismissed 67 NY2d 647; Souchu v Hass Co., 81 AD2d 884 [2d Dept]; Naccarato v Kot, 124 AD2d 365 [3d Dept]; Kukulka v Millard Filmore Suburban Hosp., 106 AD2d 886 [4th Dept]).

. In Jones (supra), a wrongful death action was commenced by an “intended” administratrix, some 13 days before she was actually issued letters of administration, but section 10 (2) of the Court of Claims Act requires that such claims be initiated, or a notice of intention filed, “within ninety days after the appointment” of an executor or administrator (emphasis supplied). The State raised no objection to the court’s jurisdiction until the beginning of trial, which was more than two years after the death of claimant’s decedent and thus beyond the time that the claimant could have sought permission to file a late claim.

. Prior to the 1995 amendment of the relevant subdivisions of section 10 (L 1995, ch 466, § 1), that section contained references only to the time periods in which a claim had to be filed. It was in section 11, later section 11 (a), that the Legislature directed that a copy of the claim be served upon the Attorney-General “within the times hereinbefore provided for filing with the clerk of the court.” Today, of course, a reference to section 10 would be all that is necessary.