OPINION OF THE COURT
Francis T. Collins, J.
The motion of the defendant for an order pursuant to CPLR *182 3025 (b) permitting it to serve an amended answer asserting the affirmative defense that the court lacks jurisdiction because the claimant did not serve and file the claim within 90 days of its accrual is denied.
This is a claim by an inmate appearing pro se to recover for personal injuries allegedly sustained as the result of events that occurred in March of 1996 at Marcy Correctional Facility. The claimant served a notice of intention to file a claim in May of 1996 alleging that “[o]n March 4, 1996 at Marcy CF I was shoveling snow and I fell and hurt my back”. During July of 1996, the claimant served a claim upon the Attorney-General which contains the following allegations: on March 4, 1996 at Marcy Correctional Facility the claimant fell on ice near his housing unit injuring his lower back; claimant was given a medical excuse releasing him from going to any work programs until he could be examined by the facility’s medical doctor; on March 6, 1996 claimant fell on ice upon a walkway and injured his back; claimant was examined at the infirmary and given a second medical excuse which directed that he not lift anything weighing more than 10 pounds; on the afternoon of March 6, 1996 claimant was ordered by Correction Officer Brown to lift and move a 75-pound locker; when claimant objected Correction Officer Brown threatened to issue a disciplinary ticket; in attempting to lift the locker claimant reinjured his back. The wrongful conduct alleged by claimant is the illegal order of Correction Officer Brown given in direct violation of a medical order.
Defendant filed its answer on August 21, 1996. The answer did not contain an affirmative defense alleging that neither a notice of intention was served nor a claim served and filed within 90 days of the accrual of the cause of action relating to the alleged illegal order of Correction Officer Brown. The defendant now wishes to correct that omission by the service of an amended answer. The claimant has not opposed the motion.
The motion papers do not contain a copy of the proposed amended answer. The better practice is to attach a copy of the proposed pleading as an exhibit to the motion papers so that the court may review it in conjunction with the court’s examination of the potential merit of the motion (see, Barry v Niagara Frontier Tr. Sys., 38 AD2d 878). However, that omission may be overlooked when the party opposing the application has failed to allege prejudice (Rodriguez v State of New York, 153 Misc 2d 363). Claimant has not opposed the motion, much less demonstrated prejudice.
*183 In the first instance, the court recognizes the direction contained in CPLR 3025 (b) that leave to amend a pleading should be freely given. The issue presented here, however, is whether the jurisdictional defense the State seeks to interpose may be permitted by amendment in view of the language of Court of Claims Act § 11 (c), which provides: “c. Any objection or defense based upon failure to comply with (i) the time limitations contained in section ten of this act, or (ii) the manner of service requirements set forth in subdivision a of this section is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading, and if so waived the court shall not dismiss the claim for such failure.”
Prior to the enactment of subdivision (c) of section 11 (L 1990, ch 625), the service and filing requirements of Court of Claims Act § 11 were treated as issues of subject matter jurisdiction which could be raised at any time, even if not pleaded in the answer or raised in a preanswer motion (Finnerty v New York State Thruway Auth., 75 NY2d 721). The time limitations set forth in Court of Claims Act § 10 were accorded the same status (see, Trayer v State of New York, 90 AD2d 263, 265, 266).
The memoranda contained in the Bill Jacket of chapter 625 of the Laws of 1990 which enacted section 11 (c) clearly disclose that the primary purpose of the Legislature in enacting the subdivision was to remove the time limitations of section 10 and the service and filing requirements of section 11 from the realm of subject matter jurisdiction by making departures from the statutory requirements waivable. In the “summary of provisions” portion of the legislative memorandum in support of the legislation then Senator Christopher Mega, Senate sponsor of the bill, stated simply that, “[i]f such defenses are not set forth either in the responsive pleading, or by a motion to dismiss made before service of the responsive pleading, the defense is deemed waived.” (Mem in Support, Bill Jacket, L 1990, ch 625.) Given the clarity of the statutory language used the court declines to engraft upon the subdivision any meaning other than that which was plainly intended (McKinneys Cons Laws of NY, Book 1, Statutes § 94; Diaz v State of New York, 174 Misc 2d 63); that defenses based upon either the manner of service requirements of section 11 or the time limitations of section 10 of the Court of Claims Act are waived unless asserted in the answer or a preanswer motion to dismiss (Tralongo v State of New York, 161 AD2d 584; Mancuso v New York State Thruway Auth., 86 F3d 289).
*184 Finally, subdivision (c) of section 11 specifically provides that once a defense based upon a failure to comply with the requirements of section 10 or 11 is waived, “the court shall not dismiss the claim for such failure”. To permit an already waived time limitation or manner of service defense to be interposed through the device of an amended answer would not only be contrary to the underlying purpose of section 11 (c) but would be of no practical effect given the express language prohibiting dismissal of the claim once the defenses are waived (see, Nasuf Constr. Corp. v State of New York, 185 AD2d 305). As a result, this court holds that a defense once waived pursuant to Court of Claims Act § 11 (c) may not later be asserted in an amended pleading.