OPINION OF THE COURT
Susan Phillips Read, J.
Claimant Olusegun Adebambo (claimant) received a temporary appointment as a Nurse Administrator I at Kingsboro Psychiatric Center (the Center), effective August 18, 1994. By letter dated October 12, 1994, claimant was notified of his permanent appointment as a Nurse Administrator I, effective September 15, 1994, “subject to a probationary period of one year, through September 14, 1995”. (Affirmation in Support of Ellen S. Mendelson, dated Aug. 26, 1998 and filed Aug. 31, 1998 [Mendelson Aff.], exhibit C.)
By letter dated August 28, 1995, the Center terminated claimant’s services effective September 7, 1995, citing substandard performance. Upon claimant’s appeal, the Director of Administrative Service for the Center upheld the decision to terminate his services. This claim, filed on January 26, 1996, *183 seeks damages for alleged wrongful discharge and breach of policies and procedures, causing claimant “to lose his job and salary and negatively impacting] [claimant’s] career”. (Mendelson Aif., exhibit A, ffl[ 6, 7, 8, respectively.)
The State of New York (defendant or the State) filed its verified answer on March 7, 1996, asserting seven affirmative defenses. On March 28, 1996, the State amended its answer to add an eighth affirmative defense, alleging that claimant had failed to serve a timely claim or notice of intention.
On August 31, 1998, the State moved for dismissal for lack of jurisdiction and for summary judgment on any cause of action for breach of contract. Specifically, the State argued that claimant’s claim for intentional tort (i.e., presumably his cause of action for wrongful discharge) was untimely because it was not filed within 90 days of accrual as required by Court of Claims Act § 10 (3-b). The State also moved for summary judgment on any claim for breach of contract (i.e., presumably claimant’s cause of action for breach of policies and procedures) on the grounds that claimant was a probationary employee whose employment was subject to termination during his probationary term without hearing and for any reason. Claimant opposed the motion, arguing that the proper time limitation for his claim was six months pursuant to Court of Claims Act § 10 (4) and that triable issues of fact exist as to whether claimant’s probationary period was shorter than 52 weeks; whether claimant’s employment was, in any event, terminated after the end of 52 weeks; and whether the termination of claimant’s employment was arbitrary and capricious.
In the first instance, the court is called upon to decide whether the State’s assertion of untimeliness complies with Court of Claims Act § 11 (c). That section provides for waiver of any objection based on a claimant’s failure to comply with the time limitations or manner of service requirements of sections 10 and 11 of the Court of Claims Act unless set forth with particularity in the answer or in a pre-answer motion to dismiss, “and if so waived the court shall not dismiss the claim for such failure.”
In Knight v State of New York (177 Misc 2d 181), Judge Francis T. Collins of this court denied the State’s motion to amend its answer to add an untimeliness defense. He reasoned that since the defense was waived once the defendant failed to include it in either its answer or a pre-answer motion to dismiss, permitting amendment “would be of no practical effect given the express language prohibiting dismissal of the claim once the defenses are waived” (supra, at 184).
*184 Here, the State amended its original pleading to assert an untimeliness defense within 40 days of service and thus as of right (see, Uniform Rules for Court of Claims [22 NYCRR] § 206.7 [b]); however, this court’s rules must be construed in conformity with the Court of Claims Act (Uniform Rules for Court of Claims § 206.1 [c]). As a result, where a provision in the rules conflicts with the language of the Court of Claims Act, the rule must yield.
As Judge Collins noted in Knight (supra), the language in section 11 (c) prohibiting dismissal of the claim once an untimeliness defense has been waived is clear. The State’s right to amend its answer cannot overcome a waiver that has already been effected (but see, Sinacore v State of New York, 176 Misc 2d 1, 5, n 5); therefore, the State has waived any objection to this claim’s timeliness by its failure to assert untimeliness with particularity in its original answer.
Next, the State’s motion for summary judgment on any claim for breach of contract inevitably invites consideration of whether claimant has, in fact, stated any cause of action or theory for recovery of damages in the Court of Claims. The pleadings and exhibits establish that claimant received a permanent appointment to a position in the civil service of the State, subject to satisfactory completion of a one-year probationary period. The lawfulness of the termination of his employment was therefore reviewable in a timely CPLR article 78 proceeding in Supreme Court (Austin v Board of Higher Educ., 5 NY2d 430). As defendant correctly points out, a probationary employee may be dismissed without a hearing and without specific reasons unless there is a showing that the dismissal violated constitutional, statutory or case law, and judicial review is limited to a determination of whether the dismissal was the product of bad faith and hence arbitrary and capricious (Matter of Kearney v Coughlin, 110 AD2d 1011; Matter of Simpson v Abate, 213 AD2d 190); however, this standard is applied by Supreme Court in a CPLR article 78 proceeding, not by the Court of Claims in an action for damages (Melendez v New York City Hous. Auth., 252 AD2d 437 [public employee’s cause of action for wrongful discharge ought to have been asserted, if at all, in the context of a timely article 78 proceeding]; Meyers v City of New York, 208 AD2d 258, 265 [“(t)he appropriate vehicle for the (discharged probationary employee’s) challenge to the termination of his employment was a proceeding pursuant to CPLR article 78”]).
Claimant nowhere alleges or suggests that he brought an article 78 proceeding within four months after defendant’s de *185 cisión to terminate his employment became final and. binding (see, CPLR 217 [1]) and, of course, this four-month period expired long ago. As a result, claimant has no cause of action for damages in the Court of Claims because a successful CPLR article 78 proceeding for reinstatement is a prerequisite to a discharged public employee’s claim for damages (Austin v Board of Higher Educ., 5 NY2d 430, supra, at 443-444; Clancy v State of New York, 126 Misc 2d 292, 293 [“a breach of contract action for lost wages may not be maintained (in the Court of Claims) since claimant ha(d) not obtained reinstatement to her former position via a CPLR article 78 proceeding, a condition precedent to such an action against a public employer”]; Adams v New York State Civ. Serv. Commn., 51 AD2d 668 [a public employee who established wrongful removal from his job in an article 78 proceeding may institute an action at law in the Court of Claims to recover lost salary and compensation]).[2]
Based on the foregoing, the court denies defendant’s motion to dismiss for lack of jurisdiction for failure to comply with Court of Claims Act § 10 (3-b); and denies defendant’s motion for summary judgment on the merits. The court nonetheless dismisses the claim in its entirety because the Court of Claims lacks subject matter jurisdiction over claimant’s cause of action for wrongful discharge; and claimant has failed to state a cause of action for breach of contract or any other cause of action for which lost salary or any damages may be recovered in the Court of Claims.

. These cases predate the Court of Appeals decision in Matter of Gross v Perales (72 NY2d 231), which overruled a series of cases precluding recovery against the State of monetary relief incidental to the primary claim in a CPLR article 78 proceeding.