OPINION OF THE COURT
Donald J. Corbett, Jr., J.
In this motion, the defendant seeks dismissal on the ground *464 that the claim was improperly served by regular mail in contravention of the service requirements of Court of Claims Act § 11 (a) (i). Defendant attaches a copy of the envelope reflecting such service and, indeed, claimant acknowledges the same in the “Reply to Answer.”
Furthermore, the defendant alleges that it has preserved this defense, as required, with particularity in its amended answer as the third affirmative defense. A review of the affirmative defense reveals that it alleges the jurisdictional infirmity of defective service by regular mail and not by personal service or certified mail, return receipt requested, as required by section 11.
Despite several requests for adjournment by claimant’s counsel, no opposition to the motion has been filed. The claim was filed and served upon the defendant on April 9, 1997. The original answer, dated May 14, 1997, did not include the third affirmative defense. However, the amended answer, including the third affirmative defense, was dated and served by mail just five days later, on May 19, .1997, within 40 days of service of the claim (22 NYCRR 206.7), alleging the lack of personal jurisdiction (Thomas v State of New York, 144 AD2d 882).
Despite claimant’s default, this motion raises the question of the State’s right to amend its original answer to include an affirmative defense that is deemed waived if not raised (Court of Claims Act § 11 [c]). This question has been addressed by several of my colleagues with relatively unequivocal unanimity.
In Sinacore v State of New York (176 Misc 2d 1) now-retired Judge James P. King, after an in-depth historical review of the amendment to section 11 of the Court of Claims Act by the Laws of 1990 (ch 625, § 1), denied as unnecessary a motion for permission to file a late claim, finding that the affirmative defense purporting to preserve or invoke the defense of untimeliness was not raised with sufficient particularity, and that such defense was waived. However, more presciently, in January 1998, Judge King anticipated the question before me, in footnote 5, at page 5:
“Although the court is unaware of any case law on the issue, it is possible that an affirmative defense of untimeliness or improper service, stated particularly, could be raised for the first time in an answer that has been amended ‘as of right’ within 20 days of service of the original answer (CPLR 3025 [a]). With respect to a defendant’s effort to raise the *465 defense of untimeliness at some later time, see Carle v State of New York (Ct Cl, filed Oct. 21, 1993, Benza, J., claim No. 83332, motion No. M-48290), in which the position of each Appellate Division is discussed (see, Pefanis v Long, 114 AD2d 806 [1st Dept], appeal dismissed 67 NY2d 647; Souchu v Hass Co., 81 AD2d 884 [2d Dept]; Naccarato v Kot, 124 AD2d 365 [3d Dept]; Kukulka v Millard Fil[l]more Suburban Hosp., 106 AD2d 886 [4th Dept]).”
Thereafter, Judge Francis T. Collins, in Knight v State of New York (177 Misc 2d 181), writing in June 1998, denied the State’s motion to amend its answer to include an affirmative defense that the court lacked jurisdiction due to untimely filing. That claimant appeared pro se, unlike claimant here who has an attorney, but similarly did not oppose the motion, and did not demonstrate prejudice. Judge Collins also revisited the history and statutory intent of chapter 625 of the Laws of 1990, holding that:
“To permit an already waived time limitation or manner of service defense to be interposed through the device of an amended answer would not only be contrary to the underlying purpose of section 11 (c) but would be of no practical effect given the express language prohibiting dismissal of the claim once the defenses are waived (see, Nasuf Constr. Corp. v State of New York, 185 AD2d 305). As a result, this court holds that a defense once waived pursuant to Court of Claims Act § 11 (c) may not later be asserted in an amended pleading.”[1] (Knight at 184.)
In Knight (supra) the court was reviewing a motion to amend the answer, an application made after expiration of the 40 day period to amend as of right (CPLR 3025 [a]; 22 NYCRR 206.7 [b]), and Judge Collins properly denied the application.
In April 1999, now Presiding Judge Susan Phillips Read had occasion to review yet another perspective of the issue in Adebambo v State of New York (181 Misc 2d 181). There the State’s original answer was timely filed some 40 days after the claim was filed, alleging seven affirmative defenses. Thereafter, the State filed an amended answer some 63 days after the claim was filed, including an eighth affirmative defense, alleg *466 ing untimely service. Notably, that amended answer was filed “as of right” within 40 days of the filing of the original answer, ostensibly as permitted by 22 NYCRR 206.7
“Responsive and amended pleadings: * * *
“(b) Pleadings may be amended in the manner provided by CPLR 3025, except that a party may amend a pleading once without leave of court within 40 days after its service, or at any time before the period for responding to it expires, or within 40 days after service of a pleading responding to it.”
However, Judge Read, in finding that the “State’s right to amend its answer cannot overcome a waiver that has already been effected” (Adebambo, supra at 184), acknowledged Judge King’s farsighted contemplation in Sinacore (supra, 176 Misc 2d 1, 5 n 5). The facts here compel me to accept Judge Read’s invitation to visit the distinguishing circumstance where the amendment of the answer as of right is made “within 40 days of service of the pleading to which it responds” (22 NYCRR 206.7 [a] [emphasis supplied]).
Thus the review comes full circle. I would posit that Court of Claims Act § 11 (c) permits this amendment:
“Any objection or defense based upon failure to comply with (i) the time limitations contained in section ten of this act, or (ii) the manner of service requirements set forth in subdivision a of this section is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading, and if so waived the court shall not dismiss the claim for such failure.” (Emphasis supplied.)
The statute says that the specified defenses shall be raised in the responsive pleading, to wit, the answer, or by a motion to dismiss made before service of the responsive pleading is required. Thus, even granting that the original answer did not include the affirmative defense in question, it appears to me that a motion to dismiss because the claim was not properly or timely served, made by the 40th day after service of the claim (the date by which service of the responsive pleading was required), would not have been subject to successful arguments that the defense had been waived. It follows therefore that an amended answer, filed “as of right” no later than the 40th day after service of the claim, is similarly situated, and should not be stricken.
*467 Here the period between the filing of the original answer and the amended answer was just five days, and the amendment was still filed within 40 days of the filing of the claim. Any argument that the affirmative defense comes as a surprise or was prejudicial to the claimant is rejected, particularly given my analysis above that irrespective of the affirmative defenses asserted in the original answer, a motion to dismiss on any of the waivable defenses articulated in section 11 (c), made on the same day as the filing of the amended answer here, would have been timely.
In Addesso v Shemtob (70 NY2d 689), the defense of lack of personal jurisdiction under CPLR 3211 (a) (8) was waived when the defendant there had made a motion to dismiss in lieu of an answer under CPLR 3211 (a) (7) for the failure to state a cause of action and only thereafter asserted the jurisdictional defense in the answer to an amended complaint. The Court of Appeals held that the jurisdictional defense was waived because it was not raised in the earlier CPLR 3211 motion (CPLR 3211 [e]). The holding of Solarino v Noble (55 Misc 2d 429), where the court permitted the defense of lack of personal jurisdiction to be raised for the first time in an amended answer served two days after the original answer, no longer seems to be controlling because, inter alia, it was decided prior to Addesso (supra; DeFilippis v Perez, 148 AD2d 490; Sanchez v L.L.H. Recycled Aggregates, 147 Misc 2d 41). None of the reported cases, save perhaps for Solarino (supra), consider similar circumstances to the claim at bar.[2] In DeFilippis (supra), the defense of lack of personal jurisdiction was raised for the first time in a motion to dismiss an amended complaint, more than three years after the filing of the original complaint, and long after the original answer and an initial motion to dismiss had been filed without alleging a lack of personal jurisdiction. In Sanchez (supra), the affirmative defense alleging lack of personal jurisdiction was first raised only in response to an amended complaint, one year after the original answer was filed.
The cases referenced in Judge King’s footnote 5 (Sinacore, supra, 176 Mise 2d 1, 5) examine situations where the period between the original answer and the amended answer far exceeded the five days in the claim at bar. In Pefanis v Long (supra, 114 AD2d 806 [1st Dept]), the motion to amend the answer was made more than one year after the original answer *468 was filed, and some 16 months after commencement of the action. The motion to amend the answer in Souchu v Hass Co. (supra, 81 AD2d 884 [2d Dept]) was made after the wrongful death statute of limitations had expired. In Naccarato v Kot (supra, 124 AD2d 365 [3d Dept]), the motion to amend the answer came some seven months after the original answer was filed. In Kukulka v Millard Fillmore Suburban Hosp. (supra, 106 AD2d 886 [4th Dept]), the defendant did not raise the defense of lack of personal jurisdiction in the original answer or in the first amended answer, but only in the second amended answer. Under those circumstances, albeit with the duration of time from the original answer to the amended answers unascertainable from the decision, the Fourth Department reversed and found the defenses of personal jurisdiction and statute of limitations were forfeited.
Furthermore, the respected CPLR commentator Professor David D. Siegel notes that Addesso is a brief memorandum that cites no cases, and that DeFilippis, on similar facts, cites and follows Addesso. He observes that Solarino remains distinguishable because the defendant there made no motion to dismiss, and, in a discourse on circumstances that seemingly parallels the claim at bar, urges that “There should therefore be room to conclude that the Court of Appeals did not mean with Addesso to hold a jurisdictional objection waived when no motion [to amend the answer] has been made.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211.-62.)
Additional support comes from the Third Department which has spoken directly in addressing a post-AcMesso right to amend an answer to assert a defense of lack of personal jurisdiction. In Boulay v Olympic Flame (165 AD2d 191, 194), a unanimous Court wrote that “we agree with defendant that the Addesso holding does not affect the principle which permits the assertion of lack of personal jurisdiction in an answer amended as of right pursuant to CPLR 3025 (a) (but see, DeFilippis v Perez, 148 AD2d 490, 491-492).” The Court nonetheless found that Addesso was applicable, but only because the jurisdictional defense was raised for the first time in an answer to an amended complaint which came after the time to amend the original answer as of right had expired.
Thus, as portended by the courts in Sinacore (supra) and Adebambo (supra), I find that, in the absence of surprise or prejudice, an amendment to an answer raising affirmative de *469 fenses of timeliness or manner of service (§ 11 [c]), may be filed as of right, if it is served and filed within the original period of 40 days after the claim is filed (22 NYCRR 206.7 [a]), and those affirmative defenses will not be deemed waived.
Accordingly, there being no dispute that the instant claim was improperly served by regular mail, and the defendant having properly preserved such defense with particularity, the motion is granted and the claim is dismissed (Turley v State of New York, 279 AD2d 819; Bogel v State of New York, 175 AD2d 493; Baggett v State of New York, 124 AD2d 969).

. Nasuf Constr. Corp. v State of New York (supra) does not address the question before me, as the State’s motion to amend its answer there was denied because the proposed counterclaim was without merit. Regardless, here the third affirmative defense has merit.

. Even Solarino may not be precisely on point because the decision does not clarify whether the amendment, served just two days after the original answer, was served within the original period for serving the answer.