*1140 OPINION OF THE COURT
Francis T. Collins, J.
Claimant, an inmate proceeding pro se, moves for an order “seeking [direction, correction and or the dismissal to allow the proper actions and new claim to be filed.” He also requests an order consolidating two identical claims and deeming service of the second claim proper.
Claim No. 117674, filed on November 12, 2009 and served by certified mail, return receipt requested, on the same date (claimant’s exhibit 2), sets forth a bailment cause of action for damages resulting from the defendant’s alleged loss of claimant’s personal property following his transfer to the special housing unit at Great Meadow Correctional Facility and his subsequent transfer to Upstate Correctional Facility. The claim was not verified before a notary public and the defendant notified the claimant by letter dated November 13, 2009 that it was electing to treat the claim as a nullity pursuant to CPLR 3022.
On December 2, 2009, the claimant filed an identical claim with a properly notarized verification, together with a letter requesting the Clerk of the Court to replace the previously filed claim with the properly verified claim. The second claim was assigned claim No. 117755 and the Clerk sent a letter to the claimant, a copy of which was sent to the Attorney General’s Office, acknowledging receipt of the claim. Claimant states in his unsworn statement in support of his motion that he requested the facility to send the second claim to the defendant by certified mail, return receipt requested, but they deliberately sent it by regular mail.
Two answers were served and filed on December 9, 2009, both referencing claim No. 117674. One answer includes defenses alleging improper verification of the claim received by the Attorney General on November 12, 2009 (third defense) and improper service of the claim received on December 2, 2009 by ordinary mail (fourth defense). The other answer includes defenses asserting improper service of the claims by regular mail instead of one of the methods of service prescribed by Court of Claims Act § 11 (a) (third and fourth defenses), but no defense with respect to the allegedly defective verification.*
The first issue for determination is whether the defendant waived its defense of improper verification of the claim. Court of Claims Act § 11 (c) requires that
*1141 “[a]ny objection or defense based upon failure to comply with . . . (iii) the verification requirements as set forth in subdivision b of this section is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading, and if so waived the court shall not dismiss the claim for such failure.”
In Lepkowski v State of New York (1 NY3d 201 [2003]) the Court of Appeals held that Court of Claims Act § 11 (b), which requires that a claim be “verified in the same manner as a complaint in an action in the supreme court,” embraces the remedy set forth in CPLR 3022 which provides that an insufficiently verified pleading may be treated as a nullity “provided [the recipient] gives notice with due diligence” that he elects to do so. Following Lepkowski, Court of Claims Act § 11 (c) (iii) was added to resolve divergent opinions among Court of Claims Judges regarding whether prompt notice of a party’s intention to treat the unverified claim as a nullity sufficed, or whether the objection must nonetheless be raised in either a pre-answer motion to dismiss the claim or the answer (compare Lake v State of New York, Ct Cl, Nov. 18, 2004, Minarik, J., claim No. 109345, M-68779, and Myers v State of New York, Ct Cl, Dec. 1, 2004, Collins, J., claim No. 109325, motion Nos. M-69072, M-69135, UID No. 2004-015-444 [unreported]). Section 11 (c) (iii), as initially written, stated that
“[a]ny objection or defense based upon failure to comply with . . . the verification requirements as set forth in subdivision b of this section and rule three thousand twenty-two of the civil practice law and rules is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading.”
Although it was recognized that the reference to CPLR 3022 was “imprecise” because that rule does not set forth a “verification requirement” but, rather, the remedy for a defective verification, this court previously held that the mere reference to it made clear that the amendment was intended to require that the defendant both notify the claimant of its rejection of the unverified claim with due diligence and assert the failure to verify as a defense in the answer or by pre-answer motion to dismiss (see Ramos v State of New York, Ct Cl, Mar. 9, 2007, Collins, J., claim No. 111636, motion Nos. M-72398, CM-72500, UID No. 2007-015-158 [unreported]).
*1142 Section 11 (c) (iii) was amended in 2007 to delete the reference to CPLR 3022. The legislative history to the amendment makes clear that the reference to CPLR 3022 was deleted as “misplaced” and unnecessary in light of the Court of Appeals holding in Lepkowski {supra) requiring that an unverified or defectively verified claim be treated no differently than an unverified or defectively verified complaint is treated under CPLR 3022 in the Supreme Court (Letter from Michael Colodner, Counsel, Unified Court System, to David Nocenti, Counsel to Governor, Re: NY Senate Bill S5855 [June 11, 2007], Bill Jacket, L 2007, ch 223, at 9, 2007 McKinney’s Session Laws of NY, at 2188). With this background it is clear that the procedure for preserving an objection to an unverified claim or a defectively verified claim is the same now as it was prior to the 2007 amendment — the defendant is required to both notify the claimant of its rejection of an unverified or improperly verified claim with due diligence and assert the failure as an affirmative defense in the answer or by pre-answer motion to dismiss. “Failure to comply with either requirement will result in a waiver of the verification objection and/or defense” (Letter from Michael Colodner, Counsel, Unified Court System, to David Nocenti, Counsel to Governor, Re: NY Senate Bill S5855 [June 11, 2007], Bill Jacket, L 2007, ch 223, at 10, 2007 McKinney’s Session Laws of NY, at 2188, citing Myers v State of New York, supra; see also Ramos v State of New York, supra.)
Here, the defendant exercised due diligence in returning the defectively verified claim to the claimant within one day following its receipt (Matter of Salahuddin v LeFevre, 137 AD2d 937 [1988]; Matter of O’Neil v Kasler, 53 AD2d 310 [1976]). However, in this case the defendant served two answers to claim No. 117674, both of which were served and filed on the same date. It is, therefore, impossible to determine which answer was the first to be served and filed. In such circumstances, whichever answer was the second to be served and filed constituted an amendment of the first, original answer as a matter of law (CPLR 3025 [a]). To the extent the answer containing the verification defense was first filed and served, that defense was withdrawn, and thus a waiver of the defense was effected, by filing and service of the second answer which does not include such a defense. To the extent the answer asserting the verification defense was the second to be served and filed, it is ineffective to negate the waiver which previously occurred through service of the answer without this defense. In addressing the *1143 waiver provisions contained in Court of Claims Act § 11 (c) (i) and (ii), this court observed in Knight v State of New York (177 Misc 2d 181, 184 [Ct Cl 1998]) that
“[t]o permit an already waived time limitation or manner of service defense to be interposed through the device of an amended answer would not only be contrary to the underlying purpose of section 11 (c) but would be of no practical effect given the express language prohibiting dismissal of the claim once the defenses are waived” (see also Adebambo v State of New York, 181 Misc 2d 181 [Ct Cl 1999]; but see Lawyer v State of New York, Ct Cl, Sept. 6, 2005, Schweitzer, J., claim No.109555, motion No. M-70377, UID No. 2005-036-101; Harris v State of New York, 190 Misc 2d 463 [Ct Cl 2002]).
For this same reason, the court finds that the defendant herein waived any defense it may have had with respect to the claimant’s failure to meet the verification requirements of Court of Claims Act § 11 (b).
Interpreting claimant’s motion as one seeking dismissal of defendant’s affirmative defense alleging a failure to verify claim No. 117674, the motion is granted and the verification defense, having been waived, is dismissed.
Claimant’s motion is granted to the extent indicated herein.

 The answers are otherwise identical.