Hengjun Chao v State of New York (2024 NY Slip Op 50489(U))

[*1]

Hengjun Chao v State of New York

2024 NY Slip Op 50489(U)

Decided on April 25, 2024

Court Of Claims

Mejias-Glover, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 25, 2024
Court of Claims

Hengjun Chao, Claimant,

against
The State of New York, Defendant.

Claim No. 135976

FOR CLAIMANT:
HENGJUN CHAO, Pro Se 
FOR DEFENDANT: 
HON. LETITIA JAMES, NYS ATTORNEY GENERAL
By: Ray Kyles, Esq., Assistant Attorney General

Linda K. Mejias-Glover, J.

Defendant, the State of New York [FN1]
(hereinafter, the "Defendant"), moves by Notice of Motion dated October 12, 2023, pursuant to CPLR 3211 (a) (2) and (8), and Court of Claims Act § 11 (b), seeking, inter alia, an order dismissing the Claim, served on February 16, 2021, for lack of jurisdiction due to service of an unverified Claim. Claimant has submitted opposition to the motion, and Defendant has not submitted any reply thereto.
Now, having carefully reviewed the papers and exhibits filed, Defendant's motion is granted in part and denied in part for the reasons more specifically set forth hereinbelow.
Relevant Factual Background
The Claim alleges that on November 16, 2019, Correction Officer Kevin C. Kirkwood (hereinafter "CO Kirkwood") of Auburn Correctional Facility "unlawfully took away a large volume of [Claimant's] legal documents, then wrote a false misbehavior report against [him]." [*2]The Claim further alleges that the "misbehavior report and all the charges were totally dismissed at a subsequent hearing on [November 22, 2019]", and that he was advised by the hearing officer to retrieve his identification and legal files from CO Kirkwood. The Claim further alleges that Claimant was keeplocked and confined to his cell from November 16 to November 22, "losing not only the privileges for the general population of the jail, but also the special, earned house privileges that [he] had earned through multiple years of hard works and good behaviors." After being denied the return of his legal files, Claimant then filed a grievance on November 22, 2019, which the superintendent denied on February 6, 2020. Claimant appealed the decision, and that appeal was denied on April 22, 2020.
On July 27, 2020, the Office of the Attorney General (hereinafter the "OAG") received a purportedly unverified Notice of Intention to File a Claim (hereinafter, the "NI"), served by certified mail, return receipt requested, which, on July 29, 2020, the OAG rejected, in writing, and treated as a nullity, pursuant to CPLR 3022.
Thereafter, on February 16, 2021, the OAG received a Claim, again served by certified mail, return receipt requested, which the OAG rejected, in writing, on March 17, 2021, and treated as a nullity, pursuant to CPLR 3022. Notwithstanding, Defendant interposed a Verified Answer on or about March 25, 2021, asserting five affirmative defenses [FN2]
. As its first and fourth affirmative defenses, Defendant asserted that the court lacks personal jurisdiction over the Defendant, the State of New York, and subject matter jurisdiction over the Claim, because both the NI and the Claim are defective as neither were verified as required by section 11(b) of the Court of Claims Act.
In opposition to the instant motion, Claimant argues that the Defendant waived any objection and defense by failing to timely an properly notify Claimant of the defective verification, in compliance with the requirements of CPLR 3022. Claimant argues that Defendant has failed to comply with Court of Claims Act 11-c [FN3]
, which requires the defendant to assert any defect of verification either in the answer or in a pre-answer motion to dismiss. Claimant adamantly asserts that both the NI and the Claim were properly verified. Lastly, Claimant seeks sanctions against Defendant for its abusive conduct, to wit: Defendant "waited for more than two and [a] half years, until a trial had already been scheduled, to cancel the scheduled trial and file this abusive motion to falsely allege the evidently properly verified claim " 'unverified', let alone [D]efendant's other gross indifference even affront to laws and plain facts. The false allegation of the evidently properly verified claim 'unverified' is at least a 'red herring' ".
In reviewing the NI and the Claim, the Court notes that while the NI is notarized, it contains no statement indicating that the allegations contained therein are true to the knowledge of the Claimant, except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes it to be true. The Affidavit of Service attached to the NI was notarized and contains the language "Sworn to before me on this 19 day of July, 2020." The Claim does include the following statement: "Hengjun Chao, being duly sworn to, deposes and [*3]says that: 1. I am the claimant of this claim. This claim and the following statement of facts are true to my best knowledge and information." The Claim is signed by the Claimant, notarized, and includes the language "Sworn to before me this 6th day of February, 2021."
Decision and Order
The law is settled that "all of the requirements in section 11(b) are 'substantive conditions upon the State's waiver of sovereign immunity' " (Kolnacki v State of New York, 8 NY3d 277, 280-281 [2008], quoting Lepkowski v State of New York, 1 NY3d 201, 207 [2003]) and strict compliance is therefore required (Kolnacki, 8 NY3d at 281, citing Long v State of New York, 7 NY3d 269, 276 [2006]), and the failure to satisfy a pleading requirement of Court of Claims Act § 11(b) constitutes a jurisdictional defect that requires dismissal of the claim (id.).
Court of Claims Act § 11(b) requires that a claim "shall be verified in the same manner as a complaint in an action in the supreme court." The proper form of a verification for a complaint in a supreme court matter is set forth in CPLR 3021, which provides that: "[t]he verification must be to the effect that the pleading is true to the knowledge of the deponent, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true."
CPLR 3020(a) provides that "[a] verification is a statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief, and that as to those matters he believes it to be true." The Commentary to McKinney's CPLR 3020(a) provides:
"Since the verification makes the pleading—or those parts of the pleading that are verified—sworn data, a verified pleading is the equivalent of an affidavit and may be used for the same purposes. See CPLR 105(u) ("A 'verified pleading' may be utilized as an affidavit whenever the latter is required)."
Patrick M. Connors, Practice Commentaries, McKinney's Cons. Laws of NY, Book 7B, CPLR 3020.
The remedy for a defective verification is contained in CPLR 3022, which provides as follows: "[a] defectively verified pleading shall be treated as an unverified pleading. Where a pleading is served without a sufficient verification in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice with due diligence to the attorney of the adverse party that he elects so to do." When a pleading is required to be verified, the recipient of an unverified or defectively verified pleading may treat it as a nullity provided that the recipient with due diligence returns the pleading with notification of the reasons for deeming the verification defective (Lepkowski v State of New York, 1 NY3d 201, 207 [2003]).
In order to avoid waiving an objection to an unverified or improperly verified claim under Court of Claims Act § 11 (c) (iii), the defendant must both notify the claimant of the defect with due diligence and raise its objection in either a pre-answer dismissal motion or as an affirmative defense in its answer (Flowers v State of New York, 175 AD3d 1724 [3d Dept 2019]; Gillard v State of New York, 28 Misc 3d 1139, 1142 [Ct Cl 2010]). Here, Defendant timely interposed a Verified Answer, wherein it asserts its first affirmative defense that the Court lacks subject matter jurisdiction over the claim based upon the defective nature of the NI, to wit: that it is not verified as required by Section 11(b) of the Court of Claims Act. Therefore, the Court finds that the Defendant has not waived its objection to the defective NI as argued by Claimant.
The procedural requirement that a party entitled to a verified pleading act with due [*4]diligence to give notice of his election to treat an unverified pleading as a nullity and timely call attention to the omission is such so as to afford the adverse party the opportunity to correct it (see Matter of Smith v Board of Stds. & Appeals of City of NY, 2 AD2d 67, 70 [1st Dept 1956]).
The Court, in this instance, finds that the NI was not properly verified [FN4]
, and is, therefore, defective. The OAG properly and timely rejected the NI as a nullity by form letter dated July 29, 2020, indicating that "it is unverified", and enclosed a copy of the NI. The Court further finds that the rejection letter is sufficiently specific as to the nature of the defect and that the two-day gap between receipt and rejection of the NI is reasonable and conforms with the "due diligence" requirement for notice to the adverse party and provided ample opportunity for correction by Claimant. Accordingly, as the NI was properly rejected as a nullity, it did not serve to extend Claimant's time to serve a Claim. The Court does, however, find that the Claim was properly verified.
Now, turning to the question of the timeliness of the Claim. Claimant's cause of action for bailment accrued when he has exhausted his administrative remedies, to wit: April 22, 2020. Such a claim for property "must be filed and served within one hundred twenty days after the date on which the [incarcerated individual] has exhausted such remedy" (Court of Claims Act 10[9]), and in this instance the 120 days expired on August 20, 2020. However, the 228-day toll, pursuant to Executive Order 202.8 [FN5]
, extended Claimant's time to file the Claim to March 3, 2021. The Claim was filed with the Court and received by the OAG on February 16, 2021, therefore, this cause of action is timely.
Finally, turning to the wrongful confinement cause of action, this cause of action accrued on the date his confinement terminated, to wit: November 22, 2019 (see Campos v State of New York, 137 AD3d 1276 [3d Dept 2016]; Davis v State of New York, 89 AD3d 1287 [3d Dept 2011]; Johnson v State of New York, 95 AD3d 1455 [3d Dept 2012]). The Court of Claims Act mandates that either the service of a Notice of Intention to File a Claim or the service and filing of a claim for such cause of action must be done within 90 days of accrual and this statutory requirement is jurisdictional (see Kolnacki v State of New York, 8 NY2D 277, 281 [2007]). Here, the 90-day period expired on February 20, 2020 [FN6]
. The Claim was filed and received by the OAG on February 16, 2021, therefore this cause of action is untimely.
For all of the foregoing reasons, it is hereby
ORDERED, that Defendant's motion (M-100035) is GRANTED, in part, dismissing the cause of action for wrongful confinement and DENIED, in part, with respect to the bailment cause action.
Dated: April 25, 2024
Hauppauge, New York
HON. LINDA K. MEJIAS-GLOVER,
Judge of the Court of Claims
Papers Read on this Motion:
1. Notice of Motion to Dismiss, dated October 12, 2023, Affirmation in Support, Exhibits Annexed
2. Affidavit in Opposition dated October 23, 2023

Footnotes

Footnote 1:The Court of Claims is a court of limited jurisdiction insofar as its reach extends only to New York State and certain public authorities as defendants (see Court of Claims Act § 9; Kevin A. Reilly, Practice Commentaries, McKinney's Cons Laws of NY; NY Const Art VI, § 9). Accordingly, the caption is amended sua sponte to remove Kevin C. Kirkwood to reflect the only properly named defendant, the State of New York.

Footnote 2:In light of the fact that defendant answered the claim in compliance with 22 NYCRR 206.7 (a), Motion No. M-96943 is denied as moot and the Clerk is directed to close the motion file.

Footnote 3:No such provision exists in the Court of Claims Act; however, it appears that Claimant intended to refer the Court to Section 11(c) of the Court of Claims Act.

Footnote 4:The notarization on the Affidavit of Service cannot be reasonably applied to the pleading itself.

Footnote 5:Executive Order 202.8 was issued on March 20, 2020, and was extended seven times, in total, the Executive Orders were from March 20, 2020 until November 3, 2020 (228 days total).

Footnote 6:Executive Order 202.8 was issued on March 20, 2020 and, therefore, cannot be applied.